## THE STATE *ex rel.* WADDILL v. SMITH *et al., Judges.*

### Division One, November 26, 1895.

1. **Appellate Jurisdiction**: CONSTITUTION: STATE OFFICER A PARTY. Where, during the pendency of an appeal to a court of appeals from a judgment against an insurance company, the company is adjudged insolvent and its assets are vested in the state superintendent of insurance with authority to wind up its affairs, jurisdiction of such appeal vests in the supreme court under the clause of the constitution conferring jurisdiction in the latter court where a "state officer is a party." Const., art. 6, sec. 12.

2. ————: ————: ————: LACHES. The laches of the superintendent of insurance in moving that the cause be transferred to the supreme court will not affect the question of jurisdiction.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*M. W. Huff* and *Brown & Pratt* for relator.

(1) This court has superintending control over the Kansas City court of appeals and may exercise the same in cases like that under consideration by *mandamus. State ex rel. v. Philips*, 96 Mo. 570; *State ex rel v. Philips*, 97 Mo. 331. (2) The court of appeals has jurisdiction only of such causes as do not come within the appellate jurisdiction of this court. It follows, therefore, that if, in the case of Hannum against the National Temperance Relief Union, the superintendent of insurance was a party so that his rights as such superintendent were before the court for adjudication, that court had no jurisdiction to proceed other-

wise than to cause the case to be certified to this court, which alone had jurisdiction to adjudicate it. Const., art. 6, sec. 12, and amendment establishing Kansas City court of appeals, sec. 5; *Reichenbach v. Ellerbee,* 115 Mo. 331.  (3) The state superintendent of insurance was a state officer and his failure to seasonably move to transfer the cause to the supreme court did not confer jurisdiction on the court of appeals.

*Lander & Johnson* for respondent.

Brace, P. J.—This is a proceeding by *mandamus.* The relator is the superintendent of the insurance department of the state of Missouri.   The respondents are the judges of the Kansas City court of appeals. The question arises upon a demurrer to the respondents' return to the alternative writ.   The facts disclosed by the pleadings are, that:

On the twenty-eighth of September, 1893, judgment was rendered in the circuit court of Linn county in the case of Lillian N. Hannum, plaintiff, against the National Temperance Relief Union, defendant, in favor of said plaintiff for the sum of $1,070.08.   On the first day of March, 1894, an appeal from that judgment was granted defendant to the Kansas City court of appeals with leave to file bill of exceptions at any time prior to the fifteenth day of July, 1894.   Said bill of exceptions was filed on the twenty-eighth day of June, 1894. On the fourth of August, 1894, in a proceeding instituted in the circuit court of Buchanan county by the relator as superintendent as aforesaid, against the said National Temperance Relief Union, defendant, the said defendant was adjudged to be insolvent and by the decree of said court enjoined from further carrying on business in this state, the corporation dissolved, and

Vol. 131 mo—12

the title to its assets at once vested in the relator as superintendent as aforesaid, with directions to wind up its affairs under the statute, and the further orders of said court.

On the fifteenth of September, 1894, there was filed in said court of appeals a duly certified copy of said judgment of the Linn circuit court, in the cause appealed as aforesaid, under the provisions of section 2253, Revised Statutes, 1889. Afterwards, at the March term, 1895, of said court of appeals, the plaintiff in said cause (in pursuance of notice served upon said defendants' attorneys that such a motion would be presented to said court on the fourth day of March of said term) filed his motion to affirm the judgment under section 2252 on the ground that defendant had not prosecuted its appeal. Afterwards, on the eighth day of March, 1895, the relator filed his motion to be substituted as party appellant and defendant in said cause, by virtue of the decree of the Buchanan circuit court aforesaid; also his motion to transfer said cause to the supreme court because a state officer is a party to said cause.

Afterward, during said term, and on the first day of April, 1895, these several motions having been considered by said court, the plaintiff's motion to affirm the judgment was sustained, and the relator's motions to be substituted as prayed for and to transfer the cause to this court were overruled. Thereupon the relator filed his motion for rehearing, which was also overruled, and the judgment of the circuit court affirmed. Afterward, on the twenty-fourth day of May, 1895, the mandate of said court of appeals affirming said judgment was duly issued to the clerk of the circuit court of Linn county, and filed in his office on the first day of June, 1895, and on the seventeenth of June, 1895, the said court of appeals finally adjourned said

March term of said court. Afterward, the alternative writ herein was sued out, and served on the judges of said court of appeals, respondents.

On this state of facts, substantially set out in the return, the respondents contend that they ought not to be required to, and can not, transfer said cause to this court.

It may be conceded that the proceedings of the court of appeals in affirming the judgment in the cause aforesaid were entirely regular and in accordance with the rules and practice of that court. But what does this amount-to unless the court had power to take such proceedings? It is not disputed that, upon the rendition of the judgment in the Buchanan circuit court, on the fourth of August, 1894, dissolving the defendant company in the cause appealed, and declaring it insolvent, the assets of said company vested absolutely in the relator as superintendent of the insurance department of the state, whose duty it was to take immediate possession of the same, and in his own name as such superintendent to maintain and defend all actions in the courts "relating to such company, its assets, liabilities, and business." R. S. 1889, secs. 5944 and 5945. Thereafter, the appeal, which was then pending in the Kansas City court of appeals, could only be prosecuted by the relator in his official capacity. The appellant having died by virtue of that decree, the cause could not progress at all until its proper representative was substituted in the action. The moment that substitution was attempted, the fact was disclosed that the issues in the cause thereafter to be determined was in a case in which a "state officer is a party" and in which said court of appeals had no jurisdiction, the jurisdiction to try and determine the same being vested in this court by the constitution. Const., art. 6, sec. 12; Amend. 1884, sec. 5.

The only power the court of appeals had over the case after the rendition of the decree in the Buchanan cirruit court, was to permit the superintendent of the insurance department to be substituted as a party appellant therein, and transfer the cause to this court, or to transfer it without such substitution. It is no answer to this to say that that officer was not diligent in bringing the condition of the case to the notice of the court of appeals more promptly than was done. The appeal could not have been prosecuted in that court, and we can not see how his *laches*, if any, could confer jurisdiction upon that court to dispose of the case by affirming the judgment of the court below, as was done. The proceedings of that court in this behalf were *coram non judice*. The case stands in that court now as if nothing had been done since the appeal was perfected. The case being there, and the jurisdiction to determine it here, it should be immediately transferred to this court. The peremptory writ prayed for will, therefore, be granted.