# DAHNKE-WALKER MILLING COMPANY, Appellant, v. FRANK BLAKE, State. Superintendent of Insurance and Garnishee.

### Division One, March 29, 1912.

1. **APPELLATE JURISDICTION:** Garnishment: Against State Superintendent of Insurance. The State Superintendent of Insurance is a State officer within the meaning of the Constitution, and that fixes the appellate jurisdiction in the Supreme Court of an appeal from a judgment refusing to a creditor of an insurance company a writ of garnishment against him for moneys in his hands as such officer, irrespective of the amount or the constitutionality of the statute involved.

2. **CONSTITUTIONAL QUESTION:** Garnishment: Untimely Raised. Where the Superintendent of Insurance, in his answer to the plaintiff's interrogatories in the garnishment proceeding brought against him, pleaded the statute as his right to retain the fund, it was the plaintiff's duty, if he wished the constitutionality of that statute determined, to have raised the point in his denial of those answers; and having failed to do so the constitutional question comes too late if raised for the first time in plaintiff's motion for a new trial, and must be deemed as waived. So grave a question as the constitutionality of a statute must be lodged in the case at the first opportunity, or it will be deemed to have been waived.

   *Held*, by VALLIANT, J., that, where the Supreme Court has jurisdiction of the case on other grounds, if there is a vital constitutional question in the case, it may be raised here for the first time.

3. ————: ————: ————: Appellate Jurisdiction. The Supreme Court does not obtain jurisdiction of an appeal by the untimely lodgment of a constitutional question in the case. Unless the question is timely raised it is deemed out of the case.

   *Held*, by VALLIANT, J., that, while timely action in the trial court to raise a constitutional question is necessary in order to give the Supreme Court jurisdiction on that ground, yet where the court on other grounds has jurisdiction, if there is a vital constitutional question in the case, it may be raised here for the first time.

4. **INSURANCE:** Defunct Company: Selling and Impounding Fund. After a judgment on a policy of insurance, and the service of execution and an order of the court directing the

Milling Co. v. Blake.

Superintendent of Insurance to sell the securities to satisfy the judgment, the funds in the Superintendent's hands derived from such sale are *in custodia legis* and must be used to satisfy such judgments and orders in the order in which they are served; and if the fund is exhausted or will be exhausted in paying them, a subsequent judgment creditor is not entitled to any part of the fund to satisfy his demand.

5. ———: ———: ———: **Garnishment.** *Held*, by VALLIANT, J., concurring in a separate opinion in affirming the judgment, that the Superintendent of Insurance is not amenable to the writ of garnishment; and if he has in his hands a fund out of which a creditor of an insurance company is entitled to be paid, he is amenable to the writ of mandamus.

Appeal from the St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*R. F. Walker* for appellant.

(1) Town mutual insurance companies are exempt from all laws of the State governing insurance companies, except the statutes requiring notice of loss, blanks for proof of same and the taxation of companies. Sec. 8084, R. S. 1899; Leather Co. v. Ins. Co., 131 Mo. App. 706. The provisions of Sec. 7071, R. S. 1909, exempting the insurance superintendent from garnishment, have no application to this case. Hoover v. Ins. Co., 93 Mo. App. 111. (2) The statute in regard to the deposit of securities by town mutual companies with the superintendent of the insurance department is wholly permissive and the superintendent is subject to process of garnishment. Sec. 8086, R. S. 1899. A voluntary deposit made, as in the case at bar, is subject to the process of garnishment. Robinson v. Ins. Co., 161 Fed. 798; 37 Ins. Law Jour., p. 1002; Morrill v. Bond Co., 151 Fed. 305. (3) Where a garnishment will not cause delay and the purpose for which funds are held has been accomplished, a public officer may be garnished. When the reason for

the rule ceases the rule should not be held to apply. Rood on Garnishment, secs. 32, 34; Wilbur v. Ray, 30 Vt. 581. The same rule applies even where funds are in the hands of a receiver. Robertson v. Detroit P. Works, 152 Mich. 612. (4) Under the general law the garnishee in this case is not exempt from the process of garnishment, because he holds the funds as an official. He is not such an officer as is exempted under the statute. The law in regard to garnishment at the time of these proceedings was the same as at the present. Sec. 2415, R. S. 1909. (5) The garnishment law as a whole should be strictly construed, being in derogation of the common law, and exceptions to its operation, as is Sec. 2415, R. S. 1909, intended to limit its powers, are also subject to strict construction, and must be limited to those expressly named as exempt from its provisions. 1 Shinn on Attach. & Gar., sec. 8. (6) The plaintiff was a policy holder and the statute under which this proceeding was instituted and prosecuted, expressly subjects the securities deposited with the garnishee to process to satisfy claims of policy holders. Sec. 8086, R. S. 1899. (7) This section expressly authorizes the issuance of an execution to secure the satisfaction of a judgment rendered on the claim of a policy holder. Sec. 8086, R. S. 1899. (8) The subjection of the garnishee to the writ as ancillary to and in aid of the execution is not contrary to public policy, but effectuates the purpose for which the securities are held, viz., as a "guaranty that all claims of policy holders shall be duly paid." Sec. 8086, R. S. 1899. (9) The securities, of the cash fund, held by the garnishee, are not in the custody of the law in the sense that they are not subject to garnishment. Sec. 8086, R. S. 1899. The superintendent was not the officer of a court and did not hold the securities subject to the orders of any tribunal. Rood on Garnishment, sec. 27. (10) An officer holding property *in custodia legis* must hold it as an arm of the

court. This fund is not so held, but as prescribed by the statute it is held for the express purpose of securing the just claims of policy holders, and it was for this purpose the garnishment was served. Rood on Garnishment, sec. 27. (11) If it be held that section 8086, R. S. 1899, is entirely void, plaintiff is still entitled to a judgment for the fund in question, because it has proceeded under the general law in regard to the issuance of its execution and the seizure of the property. Secs. 2195, 2199, R. S. 1909; Douglas v. Orr, 58 Mo. 573; Caffery v. Choctaw Co., 95 Mo. App. 187. (12) To affect personal property with the lien of an execution the officer must take possession of same actively or constructively. Hopke v. Lindsay, 83 Mo. App. 85; Relf v. Ins. Co., 13 Mo. App. 184; Huff v. Morton, 94 Mo. 405. (13) The officer charged with the service of the writ of garnishment complied with the statute and constructively seized the property. Secs. 2195, 2199, R. S. 1909; Marx v. Hart, 166 Mo. 254; Dodge v. Knapp, 112 Mo. App. 513. (14) An execution must be served, levied and returned by the sheriff to whom it was delivered. Sec. 2177, R. S. 1909. And within his bailwick, Coleman v. Ins. Co., 74 Mo. App. 675. (15) Sec. 8086 is unconstitutional and void: 1st. Because it is a stay law: Sec. 15, art. 2, Constitution; Sec. 10, art. 1, Constitution of U. S.; Bailey v. Gentry, 1 Mo. 164; Blair v. Williams, 4 Litt. (Ky.) 35; 1 Freeman Ex. (2 Ed.), sec. 34. 2d. Because it is special legislation in granting a stay on executions. Sec. 53, art. 4, Constitution. 3d. Because it is further special legislation in preferring the rights of judgment policy holders over judgment creditors. Sec. 53, art. 4, Constitution. (6) The statute authorizing the deposit of funds with the superintendent of insurance, if permissive, was invalid, because it imposed no duty on town mutual insurance companies which could be enforced by law. If the statute is invalid, then the superintendent of insurance is clearly

subject to garnishment, regardless of any other reason, as any other individual holding securities or funds belonging to this class of insurance companies.

*Elliott W. Major,* Attorney-General, *John W. Matson* and *F. G. Ferriss* for respondent.

Section 8015, R. S. 1899, provided that "the superintendent shall not be subject to garnishment, attachment or any other process, nor order in respect to such securities than by this chapter provided." This section must be read in connection with section 8086, which provides the "process" that must be pursued. A public official, holding as agent of the law and as a public official securities and moneys, is not subject to garnishment under the statutes. 14 Am. and Eng. Ency. Law (2 Ed.), 817; Richards v. Griggs, 16 Mo. 416, 57 Am. Dec. 240; Curling v. Hyde, 10 Mo. 375; Shinn on Attach. and Garn., sec. 505; Road on Garnishment, secs. 25, 26, 27; Waples on Attach. and Gar. (2 Ed.), secs. 428, 429; Cockey v. Leister, 12 Md. 124. The statutory remedy, provided by section 8086, being a complete one, is exclusive, and no other method can be adopted by the creditor of the defendant to obtain the securities or the proceeds thereof involved in this case. Phelps v. Brumback, 107 Mo. App. 25; State ex rel. v. Snyder, 139 Mo. 554. The Boone Tobacco Co., having proceeded as directed by section 8086 has a prior lien to the plaintiff in this case. "A garnishment is like an attachment, the first service creates the prior lien." Tabbott v. Harding, 10 Mo. 350; Pritchard v. Toole, 53 Mo. 356; Whiteside v. Longacre, 88 Mo. App. 168. If this garnishee be regarded as a trustee, he is a trustee holding property which, by the terms of the trust, is to be disposed of by the order of a court, and therefore, he is not liable as garnishee in this action. Cockey v. Leister, 12 Md. 124. Where, by a statute, a new right is given and a

specific remedy provided, or a new power and also the means of executing it are provided by statute, the power can be executed and the right vindicated in no other way than that prescribed by the statute. Where the statute gives a right and furnishes the remedy, that remedy must be pursued. Sedgwick on Const. of Stat. and Const. Law (2 Ed.), pp. 343, 344; Lewis's Sutherland Stat. Const. (2 Ed.), secs. 333, 572, 720; Endlich on Interp. of Stat., secs. 154, 465; State ex rel. v. Trust Co., 209 Mo. 472; Phelps v. Brumback, 107 Mo. App. 25; State ex rel. v. Snyder, 139 Mo. 549. Statutes which are intended to promote the convenience of suitors, or to improve the procedure for obtaining legal redress, are remedial. 2 Lewis's Sutherland Stat. Const. (2 Ed.), sec. 688; Black on Interp. of Laws, p. 307. Apart from express legislative declaration to that effect, the doctrine that municipal corporations and public officers, on the ground of public policy, are not subject to statutory garnishment, thought sometimes denied, has the support of the great weight of authority. Geist v. St. Louis, 156 Mo. 643.

GRAVES, P. J.—This is a garnishment proceeding by which the plaintiff seeks to recover of Blake, State Superintendent of Insurance, as successor to Vandiver, State Superintendent of Insurance, an amount sufficient to satisfy a judgment of $3544 and costs of suit, said judgment being in favor of plaintiff and against the Mercantile Town Mutual Insurance Company. The judgment was rendered by the circuit court of the city of St. Louis. Execution was issued directed to the sheriff of Cole county, and Mr. Vandiver, then State Superintendent of Insurance, was garnished.

Interrogatories were duly filed. To these interrogatories Mr. Vandiver filed answer. Plaintiff filed its denial of those answers. This denial was specific

and set out in detail plaintiff's contentions.  To this Mr. Vandiver filed a reply in which his position is fully outlined.

The first question suggested by the record is, have we jurisdiction of this cause?  The second is the alleged constitutional questions here for review?  This requires a scanning of the record.  The amount involved does not give us jurisdiction.  The actual amount of cash now held by the State Superintendent of Insurance is about $3600.  The amount of plaintiff's judgment and execution is something less than that sum.  But we have jurisdiction irrespective of the amount.  The State Superintendent of Insurance is a State officer within the meaning of the Constitution.  [State ex rel. Waddill v. Smith, 131 Mo. 176.]  This fixes our jurisdiction.  But going to the other question, let us see how the record stands.

In the motion for new trial the constitutionality of section 8086, Revised Statutes 1899, is challenged in some three places.  Is such question in the case?  Was the constitutional question timely raised?  Note above the order of the pleadings.  In the garnishee's answer, among other things, he says:

"In answer to the second interrogatory, this garnishee states that prior to the time he was summoned as garnishee herein, on the 19th day of February, 1908, to-wit, on the —— day of —— 19,——, the defendant, Mercantile Town Mutual Insurance Company, a company operating under the provisions of article 11 of chapter 119 of the Revised Statutes of the State of Missouri, and duly organized and existing as a town mutual company, did deposit with this garnishee, as Superintendent of the Insurance Department of the State of Missouri, certain securities, consisting of one note of the Laclede Mutual Fire & Marine Insurance Company for $7500, secured by a deed of trust on certain real estate in the city of St. Louis, Missouri, and one note of the Norris Real Es-

tate Company for $10,000, secured by a deed of trust on certain real estate in the city of St. Louis, Missouri, as a guaranty that all just claims of the policyholders of said company, the Mercantile Town Mutual Insurance Company, shall be duly paid, all pursuant to and in accordance with the provisions of section 8086, of the Revised Statutes of Missouri. That the Boone Tobacco Company, a corporation and a policyholder of and in said defendant Mercantile Town Mutual Insurance Company, on the 23d day of November, 1907, in the Louisiana Court of Common Pleas, a court of record holden in the city of Louisiana in the county of Pike and State of Missouri, and during the regular November term, 1907, of said court, did obtain a final judgment on said policy against said defendant, Mercantile Town Mutual Insurance Company, for the sum of $3,543.75, and costs, with interest on said sum from said 23d day of November, 1907, at the rate of six per cent per annum, which said judgment was not appealed from and remained unpaid for a period of sixty days after the final adjournment of the said term of said court at which said judgment was rendered, and which still remains unpaid, which said November term, 1907, of said court finally adjourned on the 30th day of November, 1907. That on the first day of February, 1908, execution was issued on said judgment, in favor of said Boone Tobacco Company, and on said first day of February, 1908, the Honorable David H. Eby, Judge of the 10th Judicial Circuit of Missouri, and judge of said Louisiana Court of Common Pleas, did, by his written order bearing date February 1, 1908, in vacation of said court, direct this garnishee, as Superintendent of the Insurance Department of the State of Missouri, to satisfy said execution by selling a sufficient amount of the said securities so deposited by the said Mercantile Town Mutual Insurance Company with Willard D. Vandiver, as Superintendent of the Insurance Department of the State of Missouri,

as aforesaid, under and by virtue of the provisions of said section 8086.''

Then follows a similar statement as to another judgment against said insurance company rendered by the circuit court of the city of St. Louis.

These are followed by a statement to the effect that, in obedience to the orders made by Judge EBY in the one judgment, and Judge REYNOLDS on the other, the said State Superintendent of Insurance had advertised and sold the securities aforesaid, and had received therefor the net sum of $3650, which he held in his hands as such official. The answer also avers that the garnishee is not subject to garnishment for a fund thus held. It must be noted that the garnishee in his answer specially refers to and relies upon section 8086, Revised Statutes 1899. He says that the orders of the two circuit judges were made by authority of that section, and that he had acted thereunder himself in selling the securities. These two judgments and the two orders were prior in time to the judgment and execution of the plaintiff. It will be noticed that the garnishee planted himself in his answer to the plaintiff's interrogatories squarely behind the provisions of said section 8086, supra. To this answer the plaintiff filed its denial, but not a word is said about the constitutionality of the statute relied upon and pleaded by the garnishee. In its denial of the garnishee's answer the constitutionality of the statute relied upon could have been assailed and should have been assailed. These documents constitute the pleadings in a garnishment proceeding. The rule of this court is that so grave a question must be lodged at the first opportunity, or it will be deemed to have been waived. If it can be appropriately and naturally raised in the pleadings, and thereby be a question lodged in the record proper, such is the time and place to raise it.

In Lohmeyer v. Cordage Co., 214 Mo. 1. c. 689, we said: ''But it must be taken as settled law that in so grave a matter as a constitutional question it should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived. [Barber Asphalt Pav. Co. v. Ridge, 169 Mo. 1. c. 387 *et seq.*]''

The above was quoted with approval in State v. Gamma, 215 Mo. 1. c. 104.

In the later case of Hartzler v. Street Ry. Co., 218 Mo. 1. c. 564, we again reiterated the rule thus: ''It becomes apparent from an examination made of the record that the constitutional question, in due course of orderly procedure below, could have been put in the case by the answer, or in the instructions, or in other timely ways, so as to save it. The motion for a new trial was not the first door open for the question to enter, and in our later decisions we have ruled that a question of such gravity must be raised as soon as orderly procedure will allow. This, in order that the trial court may be treated fairly and the question get into the case under correct safeguards and ear-marked as of substance and not mere color.''

So in the case at bar. Vandiver's answer to the interrogatories pleaded the statute. Plaintiff filed a written denial of that answer in order to make up the issue. That denial does not challenge the constitutionality of the law. Under such circumstances the challenge for the first time, after judgment, in the motion for new trial, comes too late, and such question must be deemed as waived by plaintiff. This question is therefore eliminated from our consideration. Were this not a case wherein we had jurisdiction for another reason, we would have to certify it to the Court of Appeals, because the alleged constitutional question was not timely raised. If the question was not sufficiently lodged in the case to give us jurisdiction, it is

not sufficiently lodged to call for consideration. With this question out of the case, we will discuss those remaining, in so far as may be required for a disposition of the cause.

II. With the constitutionality of section 8086, Revised Statutes 1899, out of the case, as above indicated, there is but little left to it. As indicated above there were two judgments against the insurance company prior to plaintiff's judgment. On each an execution had been issued and in each case the judge or court entering the judgment had by written order directed the Superintendent of Insurance to sell the securities and satisfy the executions. All this was done long prior to the issuance of plaintiff's execution on the 18th day of February, 1908. The three judgments involved were rendered in the following order: Boone Tobacco Co. v. Mercantile Town Mutual Insurance Co., judgment for plaintiff for $3543.75, November 23, 1907, in the Louisiana Court of Common Pleas. Execution was issued February 1, 1908, and served February 3, 1908, by delivering a copy to the State Superintendent of Insurance, together with a written order from Judge Eby, judge of the court entering such judgment, directing the said State Superintendent of Insurance to satisfy such execution by selling a sufficient amount of the securities held by him and belonging to said insurance company. [Hill & Griffith Co. v. Ins. Co., judgment in circuit court of city of St. Louis for plaintiff in sum of $3547.60.] Execution was issued February 6, 1908, order of the circuit judge on February 7, 1908, and each served on February 11, 1908. Plaintiff's judgment was procured February 8, 1908, and his execution issued February 18, 1908, and service made February 19, 1908. From this it will appear that the other two policyholders and judgment creditors had taken all steps required by section 8086,

supra, before this plaintiff acted. The material part of that statute reads:

"In case any policyholder shall obtain a final judgment against any such company, and such judgment shall not be appealed from, and such judgment shall remain unpaid for a period of sixty days after the final adjournment of the term. of court at which such judgment may be rendered, execution may issue upon such judgment, and the said superintendent shall be required to sell a sufficient amount of said securities to satisfy said execution, and the court rendering such judgment or the judge thereof in vacation may by a written order direct the superintendent to satisfy said execution as herein provided."

The prior judgment creditors had done everything required of them by this statute. They had caused execution to issue after the expiration of the time mentioned in the statute. They had procured the written order of the judge to the State Superintendent in each case, and this order, together with a copy of the execution, had been served upon the State Superintendent. And all this before plaintiff acted at all toward the impounding of this fund.

If this statute is valid, and we must so take it in this case, because not challenged in time, then this fund had been impounded by prior creditors, before the service of the garnishment. It was first impounded in the Tobacco Co. case. As shown by the record the proceeds of the sale was not enough to satisfy the first two judgments. There was no balance to be reached by garnishment, even if garnishment could reach the fund. Under the terms of this statute the judgment *nisi* was right and should be affirmed. Under this statute the Superintendent should sell the securities and pay out the funds in the order of priority. By this we mean, that when the Superintendent was first served with the written order of Judge EBY in the Tobacco Co. case, that service in law impounded in his

hands so much of the insurance company's property as was required to satisfy that execution, and it must be satisfied even before the one in the Hill & Griffith Co. case. Under this statute the order of the circuit judge impounds the property and holds it for a certain purpose, i. e., the satisfaction of the execution refered to in the written order. From thence on the property is really *in custodia legis*. So we repeat that with the constitutionality of section 8086, supra, out of the way, there is nothing left to the plaintiff's case.

Let the judgment be affirmed. All concur; *Valliant, J.*, in separate opinion.

## SEPARATE OPINION.

VALLIANT, J.—I concur in the result reached in this case by my learned brother GRAVES for the reason that in my opinion the Superintendent of Insurance is not amenable to the writ of garnishment. If he has in his hands a fund out of which a creditor of an insurance company is entitled to be paid, he may be amenable to a writ of mandamus, but that is different in character and effect from a writ of garnishment.

I concur in what is said as to the necessity of timely action in the trial court to raise a constitutional question in order to give this court jurisdiction on that ground, but I am of the opinion that in a case where this court on another ground has jurisdiction, if there is a vital constitutional question in the case it may be raised here for the first time.