AGNES KETTELHAKE v. AMERICAN CAR AND FOUNDRY COMPANY, Appellant.

Division One, May 31, 1912.

1. **CONSTITUTIONAL LAW: Real Controversy.** Although the jurisdiction of the Supreme Court in a case involving the construction of the Constitution of the United States or of this State, or the validity of a statute or authority exercised under the United States, does not depend upon the validity of the claim set up under the Constitution, it must involve a clear and substantial dispute or controversy. It must be real and not colorable and fictitious.

2. ————: **Jurisdiction of Federal Courts.** The Constitution of the United States declares the lines within which Congress may confer jurisdiction upon the Federal courts, but the ground and limit of actual jurisdiction to be exercised by the courts are to be found in the acts of Congress, and not in the Constitution.

3. ————: ————: **Removal of Cause.** Whether or not the motion of appellant for the removal of the cause to a Federal court should have been granted, involves the "construction" of an act of Congress, and not its "validity;" therefore the Supreme Court will not entertain jurisdiction.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Watts, Gentry & Lee* for appellant.

The court erred in denying the application of the defendant for removal of this case to the United States Court after the plaintiff had taken a nonsuit as to the two individual defendants who were originally joined. We think there will be no dispute of the proposition that whenever a time arrives in a lawsuit before the end of the trial, when it can be said that for the first time the controversy is wholly between citizens of different States, the plaintiff a resident of Missouri and the only defendant remaining in the case a resident of another State, and the amount in dispute exceeds two thousand dollars, exclusive of interest and costs, then the case is removable. Powers v. Railroad, 169 U. S. 192.

*George Safford* for respondent.

The court did not err in denying appellant's petition for removal. We deny that a petition for removal lies when a controversy, for the first time, becomes one wholly between citizens of different States on account of an involuntary termination of the controversy, after the trial has begun in good faith, as to the local de-

fendant. Lathrop v. Int. C. & I. Co., 215 U. S. 247; Railroad v. Thompson, 200 U. S. 206; Railroad v. Herman, 187 U. S. 63; Knott v McGilvray, 124 Cal. 128; McGilvray v. Knott, 179 U. S. 680; McDonnell v. Jordan, 178 U. S. 229; Gerling v. Railroad, 151 U. S. 686; Fisk v. Henarie, 142 U. S. 469; Rosenthal v. Coates, 148 U. S. 142; Laidly v. Huntington, 121 U. S. 179; Bank v. Claypool, 120 U. S. 268; Gregory v. Hartley, 113 U. S. 742; Scharff v. Levy, 112 U. S. 711; Alley v. Nott, 111 U. S. 472; Moon on Removal of Causes, arts. 7 and 187; Howe v. Railroad, 30 Wash. 575. But an involuntary nonsuit with leave to move to set same aside and reinstate does not terminate the controversy. State v. Kessler, 15 Mo. App. 590. Nonsuit, after demurrer to the evidence has been sustained and timely exceptions saved, is involuntary. Nivert v. Railroad, 232 Mo. 811; Shoe Co. v. Prickett, 84 Mo. 94; Lewis v. Mining Co., 199 Mo. 463; Dunnevant v. Mocksond, 122 Mo. App. 428.

BROWN, C.—This suit was brought by the plaintiff against the appellant, a corporation of the State of New Jersey, together with William W. Eilers and Quincy Martin, both citizens and residents of the State of Missouri, on account of the alleged negligent killing of her husband by defendants while running an engine and cars belonging to the appellant. Its purpose, as stated in the petition, was to recover $10,000 in accordance with the provisions of section 2864, Revised Statutes 1899, as amended by the act entitled "Damages and Contributions in Actions of Tort," approved April 13, 1905 (R. S. 1909, sec. 5425).

At the close of the plaintiff's evidence the court peremptorily instructed the jury to find for each of the defendants Eilers and Martin, and refused a similar instruction asked by the remaining defendant for itself. The plaintiff then took a nonsuit as to each

of said defendants with leave to move to set the same aside.

The appellant thereupon filed its petition for the removal of the cause to the Circuit Court of the United States for the Eastern Division of the Eastern District of Missouri on the ground of the diverse citizenship of the remaining parties, together with its removal bond with securities admittedly qualified. The petition for removal was thereupon denied by the court, to which appellant excepted. The trial proceeded, resulting in a verdict and judgment for plaintiff for five thousand four hundred dollars, from which this appeal is taken.

Thereupon plaintiff filed her motion to set aside the nonsuit as to Eilers and Martin and reinstate the cause as to them, which was overruled by the court.

The appellant in due time filed its motion for a new trial, assigning, among other grounds, that the court erred in refusing to sustain its application for removal and stating that this action was in contravention of section 2, article 3 of the Constitution of the United States; also of article 6 of the Constitution of the United States; also of the Act of Congress of the United States of America, designated as Act of March 3, 1875, 18 Stat. 470, as amended by the Act of Congress of March 3, 1887, 24 Stat. 552; as corrected by the Act of Congress of August 13, 1888, 25 Stat. 433; which act and the amendments thereto relate to the jurisdiction of the Circuit Court of the United States and the removal of causes from State courts to the courts of the United States; and also in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and section 30 of article 2 of the Constitution of Missouri.

The judgment of the circuit court was not sufficient in amount to sustain the jurisdiction of this court on that ground. It is claimed, however, that we have jurisdiction of this appeal because the case involves the

construction of the Constitution of the United States or of this State and that the validity of a statute of or authority exercised under the United States is drawn in question. Upon the constitutional question so raised the appellant has not, for obvious reasons, favored us with any authority; it makes the claim as one propounds a conundrum, leaving us to do the guessing.

Although jurisdiction founded upon such a question does not depend upon the validity of the claim set up under the Constitution, it must involve a clear and substantial dispute or controversy. It must be real and colorable and not fictitious. If it involves the reversal of a settled policy crystallized in the adjudications of the courts of final resort, it must deserve at least a word of reason to give it color. We find that the same question was suggested in In re Cilley, 58 Fed. 977, where the court said: "We will first dispose of the position taken by the petitioner on reargument, that the right of removal exists under article 3, paragraph 2, of the Constitution of the United States, and cannot, therefore, be abridged by Congress or denied by the court. This position is not tenable. The Constitution declares the lines within which Congress may confer jurisdiction, but the ground and limit of actual jurisdiction to be exercised by the courts are to be found in the acts of Congress, and not in the Constitution. It is not necessary to inquire as to the extreme limit of the constitutional scope of judicial power. Within its scope, whatever that may be, Congress may confer jurisdiction, and so much of the consitutional grant of judicial power as is not bestowed upon the Federal courts by legislative provision remains dormant. In other words, Congress is to define and describe to what extent the judicial power is to be exercised by the Federal courts." The court adds to this statement a line of citations, principally from the Supreme Court of the United States, which should

settle the question had it been in doubt. It was again referred to in Stevenson v. Fain, 195 U. S. 165, in which Chief Justice FULLER said: "The Supreme Court alone 'possesses jurisdiction derived immediately from the Constitution and of which the legislative power cannot deprive it,' (United States v. Hudson, 7 Cranch, 32), but the jurisdiction of the circuit courts depends upon some act of Congress. [Turner v. Bank, 4 Dall. 8, 10; McIntire v. Wood, 7 Cranch, 504, 506.]" This petition for removal painstakingly recites that the matter and amount in dispute, exclusive of interest and costs, exceeds the sum or value of two thousand dollars. This, according to appellant's theory, is supererogatory, for the constitutional provision throws its mantle alike over all cases without limit as to amount. We do not think it can be said that a legitimate constitutional question is presented and we do not think we should encourage litigants in invoking the jurisdiction of this court by claims which are to be abandoned when they have served that purpose.

While this court has jurisdiction in cases involving the "construction" of the Constitution of the United States or of this State, it only has jurisdiction depending upon a Federal statute where its "validity" is drawn in question. The "construction" of the acts of Congress relating to the removal of causes, and not their validity, being the question involved here, this court has no jurisdiction upon that ground. Nor is the validity of an "authority exercised under the United States" drawn in question. No authority has been exercised. This clause evidently contemplates that the jurisdiction of this court ought to be exercised for the protection of officers and other agents of the United States when questioned on account of their lawful acts done by virtue of authority having its foundation in the Federal laws. The jurisdiction rests

upon similar grounds to those for which the removal of causes from the State courts to the circuit courts of the United States is authorized by section 643 of the Revised Statutes of the United States for the protection of Federal officers with respect to such acts by removing judicial inquiry in relation thereto as far as possible from surroundings affected by local pre-judice.

For the reasons stated we think that this case should be transferred to the St. Louis Court of Appeals, which is accordingly done. *Bond, C.,* concurs.

PER CURIAM. — The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All concur except *Valliant, J.,* absent.