## THE STATE v. A. V. DOERRIES, Appellant.

**Division Two, June 1, 1912.**

**JURISDICTION: Supreme Court: Constitutional Question: Cruel and Unusual Punishment.** The Court of Appeals is authorized to determine whether the verdict in a misdemeanor case supports the judgment and whether the verdict and judgment fall within the limits of statutes of conceded constitutionality, and therefore the Supreme Court has no jurisdiction of a case in which the contention of appellant, made for the first time in the briefs, is that the circuit court exceeded its jurisdiction and inflicted a cruel and unusual punishment when it sentenced appellant, who had been convicted for a misdemeanor, to hard labor during his term in jail.

Appeal from Callaway Circuit Court.—*Hon. N. D. Thurmond,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Robertson & Robertson* for appellant.

The judgment is illegal, cruel and unusual, and unconstitutional. Defendant was prosecuted for violation of sec. 4709, R. S. 1909, and the punishment is provided for by sec. 4912 and is a fine, and imprisonment in the county jail, or both. While under sec. 4915, county courts have the right to work prisoners sentenced to jail in certain particulars, that does not authorize the circuit court to render a judgment even to do the things which the county court has a right to

compel the prisoner to do. But in this case, the court exceeded its jurisdiction in rendering any judgment for hard labor against the defendant, and has made its judgment void by condemning him to hard labor in violation of sec. 25, art. 2 of the Constitution of the State which prohibits the infliction of cruel and unusual punishments.

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for the State.

BLAIR, C.—Appellant was convicted in the circuit court of Callaway county of disturbing the peace of a person. On a verdict assessing the punishment at a fine of two hundred dollars and thirty days in jail the trial court entered the following judgment:

"It is therefore ordered and adjudged by the court that the defendant be confined in the county jail for a period of thirty days from this date, and it is ordered and adjudged by the court that during said period of time the defendant be sentenced to hard labor under the direction and supervision of the county court of Callaway county, Missouri, and that the State of Missouri have and recover of the defendant the sum of $200 assessed by the jury as aforesaid, together with all costs, and that execution issue against the goods and chattels of defendant, if sufficient thereof be found; but if no property of defendant be found then to arrest the defendant and commit him to the county jail until he is discharged by law."

No objection to either the form or substance of this judgment was taken in the trial court at any time or in any manner.

Since appellant was convicted of a misdemeanor this appeal is not within the jurisdiction of this court unless a constitutional question is involved and such question is said to be involved by reason of the clause in the judgment which sentences or attempts to sen-

tence appellant to hard labor during his confinement in jail.

The Attorney-General has filed a motion to trans-fer the case to the Kansas City Court of Appeals, and the question of jurisdiction is thus presented.

No constitutional question was raised in the trial court. No contention is made, even in this court, that any such question arises in this case from the mere amount of the fine and duration of the imprisonment assessed, but the argument that appellant's constitutional rights have been infringed is based solely on the inclusion in the judgment of the clause requiring appellant to be kept at hard labor during his confinement under this sentence.

By section 4915, Revised Statutes 1909, the county court is authorized to require prisoners confined, after conviction, in the county jail, to work at breaking rock or on the county highways or public works or buildings, as the county court may designate. A similar provision is found in section 3733, Revised Statutes 1909.

By section 3732 it is made the duty of every court in which any person is convicted of a crime and sentenced to be punished by fine or imprisonment in the county jail or both, to make the working on roads, buildings, etc., during such prisoner's confinement, if any, *a part of the sentence rendered.*

This provision was first incorporated in the act of March 23, 1881 (Laws 1881, pp. 125, 126). By section 4915 it is also provided that, in all convictions followed by a sentence which results in confinement in the county jail, "it shall *be deemed a part of the judgment and sentence of the court* that such prisoner may be worked as herein provided," and by section 3733 it is, in like cases, provided that "it shall be *deemed a part, parcel and incident of the judgment and sentence of the court* before and by whom such prisoner

was sentenced that such prisoner may work as herein provided.''

In this case the protection of the Constitution was first invoked in the briefs filed by appellant's counsel. The constitutionality of the sections of the statutes to which we have adverted (Secs. 3732, 3733 and 4915, R. S. 1909) is not challenged, the contention being, merely and solely, that by including in its judgment the clause as to *hard labor* the trial court *exceeded its jurisdiction* and thereby violated the Constitution by inflicting a cruel and unusual punishment. This contention presents no constitutional question. The court of appeals is fully authorized to determine whether the verdict in a misdemeanor case supports the judgment and whether the verdict and judgment fall within the limits fixed by statutes of conceded constitutionality.

The cause is transferred to the Kansas City Court of Appeals. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.