THE STATE ex rel. EXCELSIOR POWDER MANUFACTURING COMPANY v. JAMES ELLISON et al., Judges of Kansas City Court of Appeals.

**In Banc, July 14, 1914.**

1. **APPELLATE JURISDICTION:** Constitutional Question: In Court of Appeals: Motion to Transfer. It is not the duty of a court of appeals, upon the filing of a motion therein to transfer a pending cause to the Supreme Court, on the ground

that a proper determination of the issues involves a con-
struction of a certain section of the Constitution, to immediate-
ly transfer said cause, without an examination of such ques-
tion and a determination of whether or not it has jurisdiction.
The Court of Appeals is entitled to a reasonable time to in-
vestigate the ground of the motion, and may take the motion
with the case.

2. ———: ———: ———: ———: **Public Highway: Nuisance.**
Relator was sued for maintaining a blasting powder mill near
a railroad track, charged to be a nuisance, and for damages in-
curred by plaintiff from an explosion in the glaze building of
the plant, whereby she was injured while a passenger on a
train on said track, and for said injuries she recovered a ver-
dict for $2000. Relator asked the court to instruct the jury
that the railroad was not a public highway within the meaning
of section 41 of article 12 of the Constitution, which the court
declined to do, and on its appeal to the Court of Appeals relator
filed its motion therein asking that court to transfer the case
to the Supreme Court on the ground that its proper deter-
mination involved a construction of that section of the Constitu-
tion. The court announced that the motion would be taken
with the case, and has not pronounced judgment on the validity
of the motion. *Held*, no ground for compulsory transfer.

## Prohibition.

WRIT DENIED.

*Kinealy & Kinealy* and *E. Wright Taylor* for rela-
tor.

(1) This case, in view of the pleadings, is to be
determined on the facts shown by relator's petition
and the exhibits filed therewith. State ex rel. v. Guthrie,
245 Mo. 150; State ex rel. v. Caulfield, 245 Mo. 278;
State ex rel. v. Lamb, 237 Mo. 437; State ex rel. v.
Sheppard, 192 Mo. 497. (2) The Court of Appeals
has no jurisdiction of a case involving a construction
of the Constitution and upon the constitutional ques-
tion being brought to its attention it is the duty of
the court to at once transfer the cause to this court.
Constitution, art. 6, sec. 12; Constitution, Amend. 1884,
sec. 5; R. S. 1909, sec. 3938. (3) Even an application

to the Court of Appeals to transfer the case to this court is not a jurisdictional requirement in prohibition proceedings.  State ex rel. v. Williams, 221 Mo. 247; State ex rel. v. Eby, 170 Mo. 518; State ex rel. v. Aloe, 152 Mo. 484.  (4) The true meaning of section 14 of article 12 declaring railroads to be "public highways" was a live one in the trial court and of the utmost importance to relator, the defendant there, because:  (a) That constitutional provision in reality merely means that railroads are subject to legislative control and have certain *quasi*-governmental rights, such as eminent domain.  Farber v. Railroad, 116 Mo. 81.  (b) The railroad is private property and no one has a right upon it without the consent of the railroad company.  Nevada v. Eddy, 123 Mo. 546; Isabel v. Railroad, 60 Mo. 475.  (c) Therefore, even if the relator's plant were a dangerous thing yet the fact that it is located near a railroad could not constitute it a public nuisance, although it might be a private one.  22 Cyc. 1152; Martin v. St. Joseph, 136 Mo. App. 320.  (d) For the maintenance of a private nuisance no one has a right of action except the owner of the premises, and not even he if he consents to it.  Ellis v. Railroad, 63 Mo. 131; Whalen v. Baker, 44 Mo. App. 290; Kavanaugh v. Barker, 131 N. Y. 211.  (e) Mrs. Liggett's complaint, if any she has, should therefore be founded on negligence.  The defendant would then have open to it the defenses of accident, contributory negligence and the exercise of ordinary care, which could not be set up in a case based upon the maintenance of a nuisance.  Casey v. Bridge Co., 114 Mo. App. 61; Paddock v. Somes, 102 Mo. 239.  (5) The Court of Appeals therefore has no jurisdiction of that appeal and should be required to transfer the case to this court.

*W. D. Summers, W. L. McSpadden* and *Ball & Ryland* for respondents.

Regardless of whether the appellate jurisdiction in the case mentioned in relator's petition is in the Supreme Court or the Court of Appeals, the writ should be denied. Respondent's return raises and was intended to raise for the determination of the court the question of the proper appellate practice, to the end that it may be finally decided by this court whether it is competent for the Court of Appeals, upon a motion to transfer a cause on the ground of alleged lack of jurisdiction, to order, as it did here, that the motion would be heard with the case. Relator's theory seems to be that because the statute in such case, section 3938, provides that when a case is sent on appeal to the wrong court, "it shall be the duty of such Court of Appeals, immediately on such fact coming to its attention, to order the transfer of the same to the Supreme Court;" therefore, whenever any litigant asserts, by motion or otherwise, that a case has been sent wrongfully to the Court of Appeals, that court must immediately order it transferred. Either the emphasis placed by relator on the word "immediately" used in the statute calls for this narrow and literal interpretation, or at least relator means that the Court of Appeals must in such case have a separate and preliminary hearing of such motion and may not be allowed in the orderly conduct of the business of the court to have the question of jurisdiction briefed, argued and submitted when the case comes on in due course. The respondents contend that the Legislature never intended for the language of this enactment to be so construed, and never contemplated that the Court of Appeals should not hear on brief and argument such a question, or any other question, before pronouncing judgment on it. The court could indeed pass on such a motion without hearing argument on same, and with-

State ex rel. v. Ellison.

out the reasons pro and con for its action being made the subject of discussion either in brief or argument. Such plain cases sometimes occur, but the Court of Appeals is not bound in all cases to do this. It may avail itself of a hearing upon the question both by brief and argument to the end that no order may be made improvidently and without due consideration. Its practice in this regard is stated in the return. If perchance on hearing and consideration of the motion the court should decide that the jurisdiction in the case is not in the Supreme Court and should proceed to render judgment on the merits of the questions involved in the appeal, and if such determination of relator's motion should be wrong in the estimation of this court, prohibition or *certiorari* would then lie. State ex rel. v. Smith, 176 Mo. 90. In this case the preliminary rule, in any possible view of it, was prematurely issued. In Kansas City to use v. Surety Co., 196 Mo. 304, the motion to transfer was "taken with the case," jurisdiction retained and the case decided. In Milling Co. v. Blake, 242 Mo. 23, the same practice was followed and result reached. In Kettelhake v. Car & Foundry Co., 243 Mo. 412, the same practice was followed and the cause transferred without, of course, being decided. In State v. Doerries, 243 Mo. 626, the same result was reached.

WOODSON, J.—This is an original proceeding in prohibition instituted in this court by the relator seeking to prohibit the judges of the Kansas City Court of Appeals from exercising jurisdiction in a certain cause brought by one Clara E. Liggett against the relator in the circuit court of Jackson county, to recover damages for personal injuries sustained by her through the alleged negligence of the relator, and in which a judgment was rendered in her favor for the sum of $2000, from which the relator appealed to the said Court of Appeals. The relator also asks this

court to compel the respondents to certify the cause to this court for determination.

The facts of the case are undisputed and are stated by counsel for relator in substantially the following language:

.The petition for prohibition was filed with the clerk of this court and with it was filed a certified copy of the order made by the Kansas City Court of Appeals upon the relator's motion to transfer the Liggett case to this court, and there was also filed as an ex-hibit to the petition a copy of the abstract of the record in the said Liggett case. Upon the petition being filed the court ordered a preliminary rule in prohibition to issue, and same being duly served the respondents filed a return wherein they made no denial of any of the allegations of the petition except they alleged that they had not refused to transfer the Liggett case to this court, but at the same time they admitted that they had made the order charged in the petition, which will be subsequently set out. The respondents then alleged that the petition filed by the relator fails to state facts sufficient to entitled it to a writ of prohibition. There-upon in due course relator filed a motion for judgment upon the pleadings. The case is therefore up for de-cision on the facts set forth in the relator's petition and the exhibits filed therewith.

From relator's petition it appears that the case of Liggett v. Excelsior Powder Manufacturing Co. was tried upon the second count of the plaintiff's petition, wherein plaintiff alleged in substance that the defend-ant (relator here) operated a plant for manufacturing blasting powder near Holmes Park in Jackson county, which was situated near public schools and a public highway, to-wit, the railroad of the St. Louis & San Francisco Railroad Company, upon which it and the Kansas City Southern Railway Company operated trains; that by reason of the location of said plant its glaze mill, wherein were stored large quantities of

blasting powder, was liable to explode and injure persons being or travelling in the near vicinity thereof and especially upon said railroad, and that by reason of said facts the maintenance of said powder plant at that place constituted it a continuous, common and public nuisance.

Plaintiff further alleged that one morning while she was passing said plant upon a passenger train of the Kansas City Southern Railway Company, there was an explosion in the glaze building of the plant, whereby the glass in the windows of the train were broken and blown upon her person and inflicted serious injuries on her, for which she claimed $25,000. When the case came on for trial the defendant objected to the introduction of any evidence because the plaintiff alleged that she suffered her injuries while riding on a railroad train and upon the theory that the location of defendant's plant near the railroad track constituted it a public nuisance; that although section 14 of article 12 of the Constitution declares railroads to be public highways, yet this did not mean that they were highways in the same sense as pubilc county roads, or in such sense that the establishment of the plant near the railroad could constitute the factory a public nuisance. This objection being overruled the defendant duly excepted, and thereupon plaintiff introduced her evidence and at the close of her case the defendant requested the court to give the following instruction:

"The court instructs the jury that although the railroads are declared to be public highways by section 14 of article 12 of the Constitution of Missouri, yet this does not mean that they are public highways in the same sense as are public county roads, nor are they to be considered as public highways in determining any of the issues in this case, and therefore under the pleadings and the evidence your verdict must be in favor of the defendant."

This instruction being refused, the defendant excepted and then offered its evidence, and at the close of all the evidence the court gave certain instructions for both parties, and thereunder, as previously stated, the jury found for the plaintiff therein, and the appeal was duly taken to the Court of Appeals.

The appellant there, the relator here, filed in the Court of Appeals the following motion to transfer the cause to this court, viz:

"Now comes Excelsior Powder Manufacturing Company, appellant in the above cause, and moves the court to transfer this cause, by proper order to that effect, to the Supreme Court of Missouri for the determination of the cause and the questions involved on this appeal, and for the grounds of this motion appellant assigns the following:

"1. The determination of this appeal and the questions involved thereon, and which were raised and decided against appellant on the trial of this cause in the circuit court of Jackson county at Kansas City, involves the construction of the Constitution of the State of Missouri and particularly of section 14 of article 12 of said Constitution.

"2. This cause on appeal is within the exclusive jurisdiction of the Supreme Court of Missouri.

"3. This court has no jurisdiction of the appeal in this cause because same involves the construction of the Constitution of this State."

Upon the presentation of said petition for a removal of the cause to this court, the Court of Appeals made the following order:

"Now at this day the court having considered the appellant's motion to transfer this cause to the Supreme Court doth order that the said motion be taken with the case."

Upon the making of this order counsel for relator applied to this court for the writ of prohibition previously mentioned.

I. Counsel for relator presents to this court and ably discusses several nice legal proposi-

**Constitutional Question.** tions; but the view we take of the case it would be improper for us to consider any of them at this time.

If I correctly understand the position of counsel, it is this: That because section 3938, Revised Statutes 1909, provides that when a case is appealed to the wrong court it shall be the duty of such court to immediately on such fact coming to its knowledge, order the cause transferred to the Supreme Court, and, therefore, whenever a litigant asserts by motion that a cause has been improperly sent to the Court of Appeals then it becomes the immediate duty of that court to transfer the same to this court without delay.

Counsel for "respondents contend that the Legislature never intended for the language of this enactment to be so construed, and never contemplated that the Court of Appeals should not hear on brief and argument such a question, or any other question, before pronouncing judgment on it. . . . It may avail itself of a hearing upon the question both by brief and argument to the end that no order may be made improvidently and without due consideration."

The respondents assumed that the Court of Appeals had the authority and jurisdiction to hear counsel by brief and argument, upon the question of removal, and consequently made the order previously mentioned, that the petition for a removal be taken with the cause.

In my opinion there is no doubt but what the respondents are correct in the construction they have placed upon said statute. No court should be required to make an order without first being advised of its character, and offered a reasonable time and opportunity to investigate and pass upon its validity; other-

wise those courts might be forced into the commission of grievous errors, which in all probability they would not commit if given an opportunity to investigate the questions presented.

There is scarcely a term of this court that passes without our taking motions of various kinds with the case. We do this in order to investigate the questions presented by the motion and thereby enable us to intelligently and properly pass upon them.

We presume that the Court of Appeals was actuated by the same sensible motive when it made the order in this case taking the motion for removal with the cause. That order only signifies that the court entertained some doubt as to its jurisdiction and that it wanted time to investigate the question in the light of briefs and argument of counsel.

If the Court of Appeals should err in its ruling as to its jurisdiction in the case, the law affords the relator ample remedy. [State ex rel. v. Smith, 176 Mo. 90.]

In the case of Kansas City ex rel. v. Surety Co., 196 Mo. 281, the motion to transfer was taken with the case, but the jurisdiction of the case was retained by this court and the case was here decided.

In Milling Co. v. Blake, 242 Mo. 23, the same order was made and the same disposition was made of the case.

In Kettelhake v. Car & Foundry Co., 243 Mo. 412, the same order was made on motion to transfer cause to the Court of Appeals, which upon investigation was sustained and the cause was transferred without being decided.

And the same was true of the case of State v. Doerries, 243 Mo. 626.

There are many other cases of like import decided by this court, too numerous to mention.

Entertaining these views of the law, we are clearly of the opinion that the preliminary rule heretofore issued should be quashed, and it is so ordered, and the Kansas City Court of Appeals is directed to pass upon the petition for a removal of the cause to this court in the manner indicated by its order herein set out. All concur.