Elizabeth **SALZWEDEL**, a Minor, by Harry
Salzwedel, her Natural Father and Next
Friend, et al., Respondents,

v.

William Norman **VASSIL**, Appellant.

No. 48398.

Supreme Court of Missouri,

Division No. 1.

June 12, 1961.

Wayne Waldo, Waynesville, John J. Alder of Alder & Morrison, Kansas City, for defendant-appellant.

Cohn & Lentz, Waynesville, for plaintiffs-respondents.

HOLMAN, Commissioner.

In this action for recovery of damages the plaintiffs obtained verdicts against the defendant in the following amounts: Ellen Salzwedel $9,500, Elizabeth Salzwedel (by next friend) $1,000, and Harry Salzwedel $882. Defendant has appealed from the ensuing judgments.

On October 1, 1958, at about 5:30 p. m., plaintiff Ellen was driving her car east on Highway 66. When she reached a point about one mile east of Fort Wood turnoff she reduced the speed of her car preparatory to entering the driveway of a trailer court and it was struck from the rear by defendant's automobile. Ellen and her daughter Elizabeth (a passenger in the Salzwedel car) each sustained personal injuries as a result of the collision. The judgment in favor of Harry was for medical expenses in connection with the treatment of Ellen and Elizabeth, his wife and minor daughter.

At the outset we must consider the question of our jurisdiction. It is obvious that we do not have jurisdiction because of the amount in dispute as the aggregate amount of the judgments ($11,382) does not exceed $15,000 as required by the provisions of Section 477.040, RSMo 1959, P.P. Vol. 27 V.A.M.S. In his jurisdictional statement defendant states that we have jurisdiction because he sought to invoke the protection of the federal "Soldiers' and Sailors' Civil Relief Act" in the trial court and hence the appeal involves authority exercised under the laws of the United States.

It appears in the transcript that at the time of the occurrence in question defendant was in the United States Army, stationed at Fort Leonard Wood, Missouri. Shortly thereafter he was sent to Germany where he was stationed at the time of trial. During the pretrial proceedings defendant's attorney filed four separate motions for a "continuance" or "stay of proceedings," all of which were overruled. These motions were based primarily upon 50 U.S.C.A. Appendix, § 521, which reads as follows: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act * * * unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." One of defendant's contentions upon this appeal is that the court abused its discretion in failing to grant a stay of proceedings as sought in said motions.

■ We are convinced that this court does not have jurisdiction of this appeal. Section 3 of Article V of the Missouri Constitution, V.A.M.S. provides, in part, that "The supreme court shall have exclusive appellate jurisdiction in all cases involving * * * the validity of a treaty or statute of the United States, or any authority exercised under the laws of the United States * * *." It is apparent that the validity of Section 521, supra, is not an issue upon this appeal. Defendant relies upon that statute and here contends that he was entitled to a stay of proceedings in the trial court under the provisions thereof.

■ It is also clear that this appeal does not involve "any authority exercised under the laws of the United States." "To confer jurisdiction in the Supreme Court under this clause, it must appear that there is drawn in question some act performed under authority of federal law by an officer or other agent of the United States." Sound Investment & Realty Co. v. Griffin, Mo. App., 205 S.W.2d 257, 260. See also Kettel-

hake v. American Car & Foundry Co., 243 Mo. 412, 147 S.W. 479, and Kansas City Terminal Railway Co. v. Manion, Mo.Sup., 290 S.W.2d 63. There is no suggestion that this appeal involves any act performed by an officer or other agent of the United States under authority of federal law.

We have considered all other jurisdictional grounds specified in Section 3, Article V, 1945 Constitution, and find no provision which would vest appellate jurisdiction of this appeal in this court. The cause is accordingly transferred to the Springfield Court of Appeals.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.