THE STATE *ex rel.* HOLMES *et al.* v. DILLON.

1. **Constitution:** STATE OFFICER: JURISDICTION OF SUPREME COURT. A sheriff is not a " state officer " within the meaning of article 6, section 15 of the constitution, and the constitutional amendment of 1884, conferring on the Supreme Court jurisdiction of appeals and writs of error " in cases where * * * any state officer is a party."

2. ———: ———: ———. The words " state officer," as used in the constitution, are to be understood as having been used by the framers of the constitution in their popular sense and were intended to refer only to such officers whose official duties are co-extensive with the boundaries of the state, and not to officers whose functions are confined to counties or townships.

3. ———: Where a state officer is sued or defends as an individual and not as an officer, he is not within the terms of the constitution conferring jurisdiction of appeals and writs of error on the Supreme Court.

*Prohibition.*

WRIT DENIED.

*Mills & Flitcraft* for relators.

(1) The defendant, Henry F. Harrington, in the court below, was, and now is, the sheriff of the city of St. Louis, Missouri, and in his answer admits that he

was such sheriff, and that he was in possession of the goods replevied in his said official capacity, and is a state officer. *State ex rel. Atty. Gen. v. McKee*, 69 Mo. 504 (s. p. 508); *State ex rel. v. Finn*, 4 Mo. App. 347 (s. p. 353). (2) The St. Louis Court of Appeals has no jurisdiction over appeals when a state officer is a party. Const. of Mo., art. 6, sec. 12; Laws of 1883, sec. 5, p. 215. (3) The court of appeals not having jurisdiction, the appearance of relators in said court on appeal, could not give the court jurisdiction. *Brown v. Woody, Adm'r*, 64 Mo. 584 [s. p. 550]; *Pearce v. Calhoun*, 59 Mo. 271 [s. p. 273]; *Cones v. Ward, Adm'r of Ward*, 47 Mo. 289. (4) A judgment reversed as to one defendant is a reversal as to all. *Rush v. Rush*, 19 Mo. 442; *Smith's Adm'r v. Rollins*, 25 Mo. 411; *Life Ins. Co. v. Clover*, 36 Mo. 393; *Holton v. Towner*, 81 Mo. 366. (5) The judgment heretofore rendered in the circuit court in favor of relators, not having been reversed, set aside or modified by any court of competent jurisdiction, and no appeal having been taken to any court of competent jurisdiction, the said circuit court has no further jurisdiction over the subject matter of the cause. (6) The judgment of said circuit court being final, prohibition is the proper remedy to protect the rights of relators thereto. High on Extra. Rem., secs. 780, 781, and cases cited.

*A. Binswanger* for respondent.

(1) The writ of prohibition is a remedy provided by the common law to prevent the encroachment of jurisdiction. It is not granted as a matter of strict right, but rests on sound judicial discretion, to be granted or not, according to the peculiar circumstances of each particular case when presented. *Hudson v. Judge*, 42 Mich. 239; 8 Bacon's Abridg., title, prohibition; *Appo v. People*, 20 N. Y. 531; *People v. Seward*, 7 Wend. 508; *Ex parte Hamilton*, 51 Ala. 62. (2) If the court whose

action is complained of acts within its jurisdiction, but simply commits error, the writ will not lie. *Wilson v. Berkstresser*, 45 Mo. 285 ; *State v. Municipal Court*, 26 Minn. 162. (3) If there be an adequate remedy by appeal, prohibition is not the proper remedy. *State v. Dist. Court*, 26 Minn. 233. (4) A writ will not lie after the cause sought to be prohibited is ended. *United States v. Hoffman*, 4 Wallace, 158.

NORTON, J.—It appears from the petition that relators brought suit by replevin against Henry F. Harrington in the circuit court of the city of St. Louis, to recover possession of certain goods in Harrington's possession of the value of $365 ; that Harrington filed his answer denying the right of relators to the possession of the goods, setting up and alleging that he was sheriff, and by virtue of certain writs of attachment, he had levied upon the goods in question as the property of Ellis Leubrie and others ; that said property was the property of said Leubrie, and that he had a right to sieze and hold it. Harrington further set up in his answer that, prior to the issuance of the writ in plaintiffs' suit, the said Leubrie made a voluntary assignment of all his goods, including those replevied to one Hillman, and who, subject to the attachment, was entitled to hold such property as assignee.

It further appears that plaintiffs filed replication to this answer and deny each and every allegation contained in it. Subsequently said Hillman filed his petition to be made a party defendant, which was granted, and he filed answer denying plaintiffs' right to the goods, and setting up that, by virtue of a voluntary assignment made to him by said Leubrie of all his goods, for the benefit of credit, he was entitled to the possession of them. On the trial of the cause, relators obtained judgment for possession of the goods. Both defendants made motions for new trial and prepared bill of excep-

tions. Hillman, the assignee, filed bond for appeal to the St. Louis Court of Appeals, where the judgment was reversed and cause remanded for a new trial, both relators and Hillman appearing in said court by counsel, who argued and submitted the cause to the court; that the mandate of said court was thereafter filed in the office of the clerk of the circuit court of the city of St. Louis; that relators filed motion in the court of appeals to recall mandate, on the ground that said court had no jurisdiction over the cause, because one of the defendants was a state officer, which was overruled, and thereafter relators filed a plea to the jurisdiction of the circuit court to further hear and try said cause, on the ground that the judgment theretofore rendered by said court had never been modified, reversed or set aside by an appeal taken to a court of competent jurisdiction, which plea the court overruled, and ordered the cause to be re-set for trial.

Relators and petitioners, on this state of facts, pray for a writ of prohibition, to prohibit said court from retrying said cause, or modifying or changing the judgment first rendered. Defendant, Dillon, circuit judge, before whom the cause was tried, entered his appearance and filed answer to relators' petition, in which, after denying certain allegations of the petition not material here to notice, he alleges that Henry F. Harrington was only a nominal party to the replevin suit instituted by plaintiffs and relators, and that Louis M. Hillman, assignee of Leubrie Bros., became a party to, and is the real defendant in interest in said suit, and that said Hillman, by his attorney, conducted the entire litigation in said proceedings for and in behalf of himself as such assignee for benefit of creditors; that the only action taken by said Harrington in said proceedings was to file the answer set forth in the petition, and was never represented, in person or by counsel, in any of the proceedings thereafter had, and that after

The State ex rel, Holmes v. Dillon.

a motion for new trial had been overruled, said Hillman perfected an appeal to the St. Louis Court of Appeals, Harrington not joining in the same ; that said relators entered their appearance in said court of appeals, and submitted their cause, and that, if relators had any right to a writ of prohibition, it should have been invoked before said court of appeals heard and determined the cause. We are asked, on the case made in the petition of relators and answer of defendant, to issue a writ of prohibition, in conformity with the prayer of the petition. Relators base their claim for the relief sought on the ground that Henry F. Harrington, the defendant in the replevin suit, being sheriff, was a state officer, and that for that reason the St. Louis Court of Appeals had no jurisdiction to hear and determine the cause on his co-defendant Hillman's appeal, although Harrington was no party to the suit, and although Hillman, his co-defendant, was the real party and Harrington a nominal party.

The fact cannot be disputed that, by virtue of article 6, section 12 of the constitution, and the fifth section of the amendment thereto, adopted in 1884 (Laws 1883, p. 216), this court has exclusive appellate jurisdiction in cases where "any state officer is a party." Is a sheriff a state officer in the sense in which those words are used in the constitution ? It is a familiar rule of construction, requiring no citation of authorities to establish, that words, either in statute or organic law, are to be understood according to their usual and ordinary meaning, and we are of the opinion that the words "state officer," as used in the constitution, are to be understood as having been used by the framers of the constitution in their popular sense, and were intended only to refer to such officers whose official duties and functions are co-extensive with the boundaries of the state, and were never intended to include such officers as constables or justices of the peace, whose official functions are to be performed

in the townships in which they are elected, and are in popular parlance known as township officers, nor to sheriffs, coroners, county justices, etc., whose functions are confined to their respective counties, and are commonly known and called county officers. The constitution itself, which gives to this court exclusive jurisdiction "in cases where a state officer is a party," recognizes a clear distinction between state, county and township officers.

Section 10, article 9, provides that "there shall be elected by the voters of each county * * * a sheriff and coroner." Section 12 of the same article declares that the "General Assembly shall * * * provide for and regulate the fees of all county officers." Section 14 of the same article is as follows: "Except as otherwise directed by this constitution, the General Assembly shall provide for the election or appointment of such other county, township and municipal officers, as public convenience may require." So that it appears from the section quoted, it in effect designates a sheriff as a county officer. After providing that a sheriff and coroner shall be elected in each county, it then provides that the legislature shall, by general law, provide for the election of *such other county, township and municipal officers* as public convenience may require.

Counsel, to maintain the proposition that a sheriff is a state officer, have cited us to *State ex rel. v. McKee,* 69 Mo. 508. It is there said: "The constable is not a city officer; he is a state officer. He is an officer created by general law for every township in the state and every ward in the city. He is a state officer in the same sense that sheriffs and clerks of courts of record are state officers, although they can only discharge the duties of their respective offices within a limited territory, and not throughout the state." It may be conceded, as indicated by what is said in the opinion, that every incumbent of an office created by a law of the state is a

state officer, in the sense that he is a creature of the statute; but it does not, therefore, follow that every incumbent of an office created by law is such a "state officer," as was intended to be embraced in the clause of the constitution we have been discussing.

But, independent of what is said above, and conceding, for the purposes of this case, that a sheriff is a state officer, within the meaning of section 12 of the constitution, the question still remains, when is a state officer a party in a cause? I think it is only where the officer, as such, brings suit, or when he is sued as such officer, and the phrase in the constitution should be so construed as to include only that class of cases where the officer, by reason of his official character, sues or is sued. If that test be applied to this case, Harrington, as sheriff, was not a party to the replevin suit. He was sued as an individual and not as an officer. It is true the record of that case, as set forth in relators' petition, shows that Harrington, in his answer, set up and alleged that he was sheriff of the city of St. Louis, and, as such, he had in his hands certain writs of attachment, by virtue of which he seized the goods in controversy; but the relators in this suit, who were plaintiffs in the replevin, denied in their replication that Harrington was sheriff; denied that as such he had writs of attachment, or that he had levied the same on the goods. The fact that he was sheriff, or that he held the goods in virtue of a levy of writs of attachment, were thus put in issue, and how this issue was determined in the replevin, we have no means of knowing from the record before us, but, from the fact that plaintiffs recovered judgment against him, we must indulge the presumption that he failed to sustain his answer.

The relators occupy the position, in the proceeding now before us, of affirming that Harrington was a party in the replevin suit as sheriff, although sued as an individual, and of denying by their replication that he was

sheriff. They affirm in their petition for the writ of prohibition that to be true, which in the replication in the replevin suit they say is not true. Besides this, it appears that when, on Hillman's appeal, the cause reached the court of appeals, relators, so far as the record discloses, made no suggestion that a state officer was a party to the suit, nor invoked the aid of a writ of prohibition to arrest the proceeding; but, on the contrary, appeared by counsel, who argued and submitted the cause, thus putting themselves in the attitude of being willing to accept the judgment of that court, if in their favor, and of rejecting it, if adverse to them. I am aware that it is established law in this state, as well as elsewhere, that consent of parties cannot confer jurisdiction over the subject matter of a suit. *Pearce v. Calhoun*, 59 Mo. 272; *Cones v. Ward, Adm'r*, 47 Mo. 289. But, as granting a writ of prohibition rests in the sound discretion of the court, I have only referred to the action taken by relators in the court of appeals as matter which may properly be taken into consideration in influencing an exercise of that discretion.

For the reasons given the writ will be denied and petition dismissed. All concur. Judge Black concurring in the result, but not agreeing to so much of the opinion as holds that a sheriff is not a state officer within the meaning of article 6, section 12, of the constitution.