THE STATE *ex rel.* BENDER, *Appellant*, v. SPENCER *et al.*

**Constitution:** STATE OFFICER: JURISDICTION OF SUPREME COURT. A sheriff is not a state officer within the meaning of the constitution conferring on the Supreme Court jurisdiction of appeals and writs of error in cases where a state officer is a party (Affirming *State ex rel. Holmes v. Dillon*, 90 Mo. 229).

*Appeal from Buchanan Circuit Court.*—B. J. CASTEEL, EsQ., Special Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*J. W. Boyd* for appellant.

*White & Spencer* for respondents.

SHERWOOD, J.—Satisfied, under the reasoning in the case of *State ex rel. Holmes v. Dillon*, 90 Mo. 229, that Spencer, one of the defendants herein, though a sheriff, is not a state officer, and as this is the only ground for entertaining jurisdiction of this cause, an order will be entered transferring the same to the Kansas City court of appeals. Since writing the above I have met with section 18, of article 9, of the constitution, which I regard as conclusive on the point discussed. That section provides, "In cities or counties having more than two hundred thousand inhabitants no person shall, at the same time, be a *state officer and an officer of any county*, city, or other municipality," etc. If there is any reliability in plain words, this language must set the point discussed at rest, and "make assurance doubly sure." All concur, except Black, J., who dissents.