The State ex rel. Schonhorst v. Henning.

THE STATE *ex rel.* SCHONHORST v. HENNING *et al.,*
*Appellants.*

Division One, May 23, 1892.

1.  **Constitution**: SUPREME COURT: APPEAL: JURISDICTION. An appeal does not lie to the supreme court in an action on a constable's bond against the principal and sureties for failure on the part of the officer to execute a writ of restitution.

2.  ———: ———: ———: ———. Such action does not involve title to real estate within the meaning of the constitution (Art. 6, sec. 12), nor is a state officer a party.

*Appeal from St. Louis City Circuit Court.*—HON. J. E. WITHROW, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Eber Peacock* for appellants.

*Laughlin & Tansey* for respondent.

SHERWOOD, P. J.—Action on constable's bond in penal sum of $5,000, brought against constable Henning and his sureties for his failing to execute a writ of restitution issued at the instance of relator; trial had, and judgment for penalty to be satisfied upon the payment of $200; hence, this appeal.

The cause has been heard twice before the circuit court, and on the first trial the defendants were successful; but on appeal to the St. Louis court of appeals the judgment was reversed, and the cause remanded. 26 Mo. App. 119. On the last trial the relator was successful, as already seen.

This suit does not involve, in any sense, title to real estate within the meaning of section 12, article 6, of the constitution, nor is a state officer a party. *State ex rel. Holmes v. Dillon*, 90 Mo. 229; *State ex rel. Bender v. Spencer*, 91 Mo. 206.

Therefore, an order will be entered transferring this cause to the St. Louis court of appeals. All concur, except BARCLAY, J., not sitting.