WILLIAM NICKELSON, Appellant, v. CITY OF HARDIN.

Division One, April 10, 1920.

1. **CITY MARSHAL:** Also **Constable.** One person can, at the same time, hold the office of marshal of a city of the fourth class and that of constable of the township in which the city is located.

2. ———: ———: **Constitutional Provision: State Office: Municipality:** Applicable **Only to Cities or Counties of 200,000 Inhabitants.**

The Constitution provides that "in cities or counties having more than two hundred thousand inhabitants, no person shall, at the same time, be a state officer and an officer of any county, city or other municipality; and no person shall, at the same time, fill two municipal offices, either in the same or different municipalities." *Held*, first, that the words "state officer" are used in their popular sense, and mean an officer whose functions and official duties are co-extensive with the State; *second*, that the words "other municipality" mean a township or village; *third*, that the section, in both the first and second clauses, applies only in counties and cities having more than two hundred thousand inhabitants, and the second clause, namely, "no person shall, at the same time, fill two municipal offices, either in the same or different municipalities," does not apply to cities or counties having less than two hundred thousand.

Appeal from Ray Circuit Court.—*Hon. Frank P. Divelbiss*, Judge.

REVERSED AND REMANDED.

*Thompson & Thompson* for appellant.

(1) The court erred in determining that Sec. 18, Art. 9, prevents a constable from being marshal in Ray County, which has less than two hundred thousand inhabitants. (2) Sec. 18, Art. 9, applies to counties with more than two hundred thousand inhabitants. State ex rel. v. Watson, 71 Mo. 473; State ex rel. v. Bus, 135 Mo. 325. (3) A constable is a township or county officer. State ex rel. v. McKee, 69 Mo. 504, Sec. 12, Art. 4; Sec. 14, Art. 9; Sec. 12, Art. 10; Sec. 7, Art. 14, of State Constitution.

*M. M. Milligan* and *A. M. Clark* for respondent.

(1) The second clause of Section 18 of Article 9 applies to counties of less than 200,000 inhabitants. (2) The offices of city marshal and township constable are both municipal offices within the meaning of Section 18, Article 9.

BLAIR, P. J.—This is an appeal from a judgment for the City of Hardin in an action plaintiff brought for a balance of salary he alleges is due him as city marshal.

There is no dispute about the fact. Hardin is a city of the fourth class. Plaintiff was elected marshal in April, 1915, and duly qualified as such. At the November election in 1916 he was elected constable of the township in which Hardin is situated, and duly qualified in that office. The mayor and city council of Hardin were of opinion that plaintiff's acceptance of the office of constable vacated the marshalship, and they thereupon took proceedings, without notice, which resulted in an order purporting to remove him from office for that reason alone. It is agreed plaintiff was ready and willing to perform the duties of the marshalship and that he notified the mayor that he regarded his removal as unlawful and intended to insist upon receiving his salary as marshal for the remainder of of the term for which he had been elected. The amount thereof is $70.

The briefs present the single question, whether one person can, at the same time, hold the office of marshal of a city of the fourth class and that of constable of the township in which it is located. Counsel seem to agree that these offices are not incompatible in the common law sense (State ex rel. v. Bus, 135 Mo. l. c. 338), and the single question they discuss is whether Section 18 of Article IX of the State Constitution applies to the case. That section reads as follows:

"In cities or counties having more than two hundred thousand inhabitants, no person shall, at the same time, be a state officer and an officer of any county, city or other municipality; and no person shall, at the same time, fill two municipal offices, either in the same or different municipalities; but this section shall not apply to notaries public, justices of the peace or officers of the militia."

Plaintiff contends that no part of this section applies except in cities or counties having in excess of two hundred thousand inhabitants. Defendant's position is that the second clause of the petition applies generally without any limitation as to population.

The words "state officers," in the first clause, are to be "understood as having been used by the framers of the Constitution in their popular sense, and were intended only to refer to those whose official duties and functions are co-extensive with the State" (State ex rel. v. Dillon, 90 Mo. l. c. 233; State ex rel. v. Spencer, 91 Mo. 206), and do not include county and township officers. As indicated in the case last cited, this is particularly true with respect to these words as used in Section 18 of Art. IX, because they obviously are used to designate a class of officers *other than* officers of "any *county*, city or other municipality." Under this first clause no state officer can, "at the same time, serve also as an officer of any county, city or other municipality," in any city or county having over two hundred thousand inhabitants. So far as this first clause is concerned, a state officer may, at the same time, hold an office in any county, city or other municipality provided such office be in some county or city having not more than two hundred thousand inhabitants. In whatever territory the second clause is effective, it precludes the same person from holding, at the same time, two or more municipal offices, "either in the same or different municipalities." The first clause makes it clear that the section is not using the term "municipality" in a sense which would include the State in its meaning. The language of clause one also shows that the section uses the term "municipality" to include counties as well as cities, and also to, include municipalities other than counties and cities. The words "county, city or other municipality," in their ordinary meaning, in the connection in which they occur, indicate that "other municipality" means municipality other than a county and other than a city. Such

municipality may be a township or a village, for instance.

If the second clause is held to apply generally and without restriction as to population, one result would be that Section 18, so far as it is concerned, would leave state officers free to hold municipal offices in counties or cities having less than two hundred thousand inhabitants, but would prohibit the citizen who held one municipal office from holding another. If the second clause is construed as also limited in its application to counties and cities of over two hundred thousand inhabitants, then the state officer and the constable, city attorney, etc., are upon an equal footing, i. e. each might hold some other office in a municipality in counties and cities having not more than two hundred thousand inhabitants. The construction defendant contends for would produce, therefore, one rather singular result. There might be reason for prohibiting state officers from holding municipal offices, but the framers of the Constitution evidently thought this reason was not of a character to require a constitutional prohibition except in cities and counties having over two hundred thousand inhabitants. Why the same body of men should at the same time think it necessary to prohibit a constable of a township, for instance, from being, at the same time, city marshal of a city of the fourth class, in counties having less than two hundred thousand inhabitants, and yet leave the state officer free, so far as the section is concerned, to hold his state office and that of constable or city marshal or other municipal office, is not clear. It seems that any reason for prohibiting one holding a *municipal* office from holding another at the same time would apply with greater force to one holding a state office.

The General Assembly has not taken defendant's view of this section. In 1881 it expressly enacted (Laws 1881, p. 215) that one person, at the same time, might hold both the office of constable and that of township collector in counties under township organi-

zation. This is still the statute. [Sec. 11669, R. S. 1909.] In cities of the fourth class, the statute (Sec. 9313, R. S. 1909) provides that the same person may, at the same time, hold the office of city marshal and street commissioner. Both these enactments are unconstitutional if defendant's construction of Section 18 is correct. In 1877 the acts relating to cities of the several classes contain provisions designed to prohibit a person holding a named office from holding any other office in the same city. [Laws 1877, sec. 24, pp. 113, 114 (See Sec. 8570, R. S. 1909); Laws 1877, p. 49; Laws 1877, sec. 15, p. 103.] All these provisions were wholly useless if defendant's construction of Section 18 is sound. It is not unworthy of note that the General Assembly which met in 1877 convened in a few weeks after the Constitution was adopted, and that six members of the House of Representative of that year had been members of the Convention which framed the Constitution, of which Section 18 is apart. This court once stated (State ex rel. v. Watson, 71 Mo. l. c. 473) that it had "grave doubts" of the correctness of the construction which we are now asked to put on Section 18 of Article IX.

The question is not free from difficulty, but we are of opinion that the proper construction of the section is that it applies only in counties and cities having more than two hundred · thousand inhabitants. This disposes of the only question presented by the briefs. The judgment is reversed and the cause remanded. All concur, except *Woodson, J.,* absent.