THE STATE ex rel. ROY W. RUCKER, Prosecuting Attorney of Pettis County, Appellant, v. DIMMITT HOFFMAN, Judge of Thirtieth Judicial Circuit.

In Banc, April 9, 1926.

1. **APPELLATE JURISDICTION: Circuit Judge as Party: Salary of Official Reporter.** The Supreme Court does not have appellate jurisdiction of an appeal from a judgment of the circuit court in a suit brought against the circuit judge to enjoin him from issuing his certificate directing the county treasurer to pay the official reporter of the court $208.33, brought on the theory that the assumption of the judge that the salary of the official reporter is by statute $2500 a year is erroneous and not warranted by law. A circuit judge is not a "state officer" within the meaning of those words as used in Section 12 of Article VI of the Constitution, and there is no ground stated in said section by which this court can take jurisdiction of such a case.

2. ———: **State Officer.** An officer is not a state officer within the meaning of Section 12 of Article VI of the Constitution, relating to appellate jurisdiction, unless his official duties and functions are co-extensive with the boundaries of the State, and a circuit judge is not such an officer. Circuit judges receive their compensation from the State Treasury and in some other limited senses they are state officers; but when a circuit judge in his official capacity is made a party to a suit in the circuit court, and an appeal is taken from a judgment therein, he cannot be regarded as a state officer exercising functions co-extensive with the boundaries of the State, and is not a "state officer" within the meaning of those words as used in the constitutional provision regulating appellate jurisdiction.

Courts, 15 C. J., Section 171, p. 852, n. 77; Section 511, p. 1081, n. 56.

Appeal from Pettis Circuit Court.—*Hon. Robert M. Reynolds,* Special Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Roy W. Rucker* for appellant.

*H. B. Shain* and *Paul Barnett* for respondent.

*North T. Gentry*, Attorney-General, *amicus curiae.*

(1)    Sec. 12670, R. S. 1919, provides for the salary of an official reporter in cities or counties which now have a population of 60,000 or more, and also in counties having a population of 45,000, or less. For the purpose of determining the population, and for the purpose of determining the salary, the votes cast at the general election for any office shall be multiplied by five, and the same taken as the correct population of the county. R. S. 1919, sec. 11016.    (2)    The giving of the ballot to women does not do away with the necessity of multiplying this total by five, as our courts have held. State v. Brockelman, 240 S. W. 209; O'Brien v. Randolph County, 274 S. W. 356.    (3)    A court reporter is a state officer, distinguished from a county officer, for in circuits having more than one county his compensation is derived from different counties.    (4)    It is respectfully submitted that the case should be reversed and judgment entered in favor of the relator, according to the prayer of relator.

BLAIR, C. J.—This is an action instituted in the Circuit Court of Pettis County, whereby the prosecuting attorney of that county sought to enjoin the judge of the Thirtieth Judicial Circuit, comprising said county, from approving the monthly salary voucher of his official court reporter in an amount exceeding the rate of $2,000 per annum. Hon. Robert M. Reynolds, regular judge of an adjoining circuit, was called in as special judge and tried the case. Judgment went for defendant denying such injunction, and plaintiff was granted an appeal to this court.

An agreed statement of facts was filed in the trial court as follows:

State ex rel. Rucker v. Hoffman.

"It is stipulated and agreed by and between the parties hereto:

"That plaintiff is the duly elected, qualified and acting Prosecuting Attorney of Pettis County, Missouri.

"That defendant is the duly elected, qualified and acting Judge of the Thirtieth Judicial Circuit of Missouri, and that defendant has been judge of said circuit since the 1st day of January, 1923.

"That the Thirtieth Judicial Circuit of Missouri consists of the County of Pettis.

"That the population of the Thirtieth Judicial Circuit of Missouri, as disclosed by the Federal decennial census of 1920, is 35,813.

"That there were cast at the last general election in Pettis County, Missouri, more than 15,000 votes.

"That Roy Snyder was duly appointed by Hon. Dimmitt Hoffman, Judge, as the official Court Reporter of the Thirtieth Judicial Circuit of Missouri, in January, 1923.

"That, since the appointment of said Roy Snyder as official Court Reporter of said circuit, Hon. Dimmitt Hoffman, Judge, has been issuing certificates each month as said judge, directing the Treasurer of Pettis County, Missouri, to pay the said Roy Snyder, as his salary as official reporter of said circuit, the sum of $208.33 monthly, or on the basis of an annual salary of $2,500.

"That Hon. Dimmitt Hoffman, Judge, has continued to issue certificates each month, as said judge, directing the Treasurer of Pettis County, Missouri, to pay the said Roy Snyder, as his salary as official reporter of said court, the sum of $208.33 monthly since the institution of this suit; and that, unless restrained from so doing, the Hon. Dimmitt Hoffman, Judge, will continue to issue said certificates in the sum of $208.33 each month."

Although neither appellant nor respondent has challenged our appellate jurisdiction in this case, it is our duty to determine that question for ourselves. [Bennett v. Bennett, 243 S. W. (Mo. Sup.) 769; In re Letcher, 269 Mo. 140, l. c. 147.]

The appellate jurisdiction of this court is limited to the classes of cases specified in Articles VI, Section 12, of the Constitution. In all other cases where appeals are taken from judgments of circuit courts, appellate jurisdiction is lodged in the court of appeals. The only possible ground upon which we could retain appellate jurisdiction of the case now before us is to hold that respondent judge of the circuit court is a state officer within the meaning of said Article VI, Section 12.

In State ex rel. Holmes v. Dillon, 90 Mo. 229, at page 233, this court held that, ''we are of the opinion that the words 'state officer,' as used in the Constitution, are to be understood as having been used by the framers of the Constitution in their popular sense, and were intended only to refer to such officers whose official duties and functions are co-extensive with the boundaries of the State.''

This ruling has ever since been consistently approved and followed by this court in a number of decisions, although in none of them was a circuit judge a party to the suit. [See State ex rel. Bender v. Spencer, 91 Mo. 206; State ex rel. Frisby v. Hill, 152 Mo. 234, l. c. 239; State ex rel. Blakemore v. Rombauer, 101 Mo. 499, l. c. 502; Nickelson v. City of Hardin, 282 Mo. 198, l. c. 201; State ex rel. Foerstel v. Higgins, 144 Mo. 410; State ex rel. Conway v. Hiller, 266 Mo. 242, l. c. 262.]

In State ex rel. v. Higgins, supra, the members of the Board of Election Commissioners of the City of St. Louis were parties. The case came here on appeal, and we transferred same to the St. Louis Court of Appeals because the members of that board were not state officers within the meaning of Article VI, Section 12. The members of that board were appointed by state authority, and in that sense were state officers to the same extent as circuit judges are.

The only case we have found where the circuit judge was held to be a state officer under Article VI, Section 12, is State ex rel. Albers v. Horner, 10 Mo. App. 307, l. c. 315. That was an original proceeding in mandamus in

the St. Louis Court of Appeals to compel a circuit judge to enter judgment upon a verdict in his court. The Court of Appeals issued its peremptory writ, but granted the respondent judge an appeal to this court, invoking the provisions of Article VI, Section 12, where "any state officer is a party" and, in granting such appeal, said: "The respondent, as judge of the St. Louis Circuit Court, is unquestionably a state officer within the meaning of this provision." When the case reached this court, it took jurisdiction of the appeal without considering the question of its jurisdiction and disposed of the case upon its merits. [See State ex rel. Albers v. Horner, 86 Mo. 71.] That case was decided by this court in 1885. The case of State ex rel. Holmes v. Dillon, supra, was decided in 1886. It was in the latter case that this court first announced the rule, adhered to ever since, that an officer is not a state officer within the meaning of Article VI, Section 12, of the Constitution, unless his official duties and functions are co-extensive with the boundaries of the State. No reason can be urged in favor of our jurisdiction in this case which would not have been equally persuasive in State ex rel. Foerstel v. Higgins, supra.

The case of State ex rel. Albers v. Horner, 10 Mo. App. 307, must therefore be regarded as overruled by the subsequent decisions of this court upon the same subject.

In one sense circuit judges are state officers. Most of them are elected from circuits comprising two or more counties. They receive their compensation as judges from the State Treasury. But their jurisdiction is confined to holding court in the counties comprising their respective circuits. Their jurisdiction, official duties and functions are not co-extensive with the boundaries of the State. Under some circumstances process may be issued out of a given circuit court which may be executed in any county of the state to which such process is directed, but the judge of such court has no duties, functions or jurisdiction in the counties outside of his circuit. He may even, under some circumstances, be called to sit as judge

in any other circuit; but when he so acts, he occupies the status of such other circuit judges and not the status of judge of his own circuit. He has no duties or functions as such judge which are co-extensive with the boundaries of the State.

Our conclusion is that, when a circuit judge in his official capacity is made a party to a suit in the circuit court and an appeal is taken in such case and no other constitutional grounds giving this court appellate jurisdiction under Article VI, Section 12, exist, such judge cannot be regarded as a state officer within the meaning of said section of the Constitution and appellate jurisdiction in such case is vested in the appropriate court of appeals.

It is therefore ordered that this case be transferred to the Kansas City Court of Appeals.

All concur, except *Graves, J.,* who dissents, and *Otto, J.,* not sitting.