THE STATE EX REL. CONSOLIDATED SCHOOL DISTRICT No. 2 ET AL., Appellants, v. ANNIE INGRAM ET AL.—298 S. W. 37.

Division One, September 16, 1927.

**1. APPELLATE JURISDICTION:** Consolidation of School Districts: **Brought against Superintendent.** The question submitted at a school election was to change the boundary lines of a consolidated school district so as to take in and include another consolidated school district. A majority

of the voters of the latter voted against the change of the boundaries, and said district attempted to bring suit by **certiorari** against the County School Superintendent and the four members of the board of arbitrators, which had sustained on appeal upon the proposition to change the boundary. The construction of the Constitution is not involved, neither is title to any office under this State, nor is a state officer a party. **Held**, that this court does not have jurisdiction of an appeal from a judgment of the circuit court quashing the order of the board.

**2. APPELLATE JURISDICTION: County Superintendent.** The making of the County School Superintendent a party to a proceeding to annul an order of a board of arbitrators consolidating school districts does not give this court jurisdiction from a judgment quashing the order. The office is one "under this State," but she is not a "state officer," and her title to the office is not involved in such a proceeding.

**3. ———: School District: Political Subdivision.** A school district, in a judicial sense, is not a political subdivision of the State, and making it a party to a suit does not give this court appellate jurisdiction.

**4. ———: Raised by Court.** The question of appellate jurisdiction of this court cannot be ignored, though in no wise raised by the parties.

Corpus Juris-Cyc. References: **Appeal and Error**, 4 C. J., Section 3057, p. 1067, n. 15. **Courts**, 15 C. J., Section 101, p. 804, n. 7; Section 171, p. 852, n. 77; Section 511, p. 1080, n. 52, 55; p. 1081, n. 56; Section 519, p. 1093, n. 70.

Appeal from Pike Circuit Court.—*Hon. Edgar B. Woolfolk*, Judge.

Transferred to St. Louis Court of Appeals.

*A. J. Murphy, Jr., Ras Pearson* and *May & May* for appellants.

*Frank J. Duvall* and *Hostetter & Haley* for respondents.

LINDSAY, C.—This is an appeal from the judgment of the Circuit Court of Pike County quashing a writ of *certiorari* previously issued, and directed to Annie Ingram as County Superintendent of Schools of Pike County, and four members of the board of arbitrators selected by her which had sustained an appeal, upon a proposition to change boundary lines.

Consolidated School District No. 2 and Consolidated School District No. 4 in Pike County were contiguous, and the question submitted and voted upon was "to change the boundary lines of said Consolidated School District No. 4, by taking into and including in said Consolidated School District No. 4 all the territory now included in said Consolidated School District No. 2." There was a majority for the change in Consolidated School District No. 4, but not a majority in Consolidated School District No. 2.

There is discussion in the briefs of the question whether the board of arbitrators had jurisdiction, and whether the question submitted to the voters in the respective districts was one authorized by the statute. [Secs. 11201, 11253, R. S. 1919.] ·

The application for the writ was made in the name of Consolidated School District No. 2, and the respondent by motion raised the question of authority of any one to make the said District No. 2 the relator. The ground was that after the said election, and before filing the petition, there was no meeting of the board of directors of Consolidated School District No. 2, and no action of the majority of them authorizing the application for the writ. The court, upon that theory, permitted three individuals, who were or had been directors of Consolidated School District No. 2, as citizens and taxpayers of that district, to be made parties; and permitted them to adopt as their own, the allegations of the petition.

· The question of the appellate jurisdiction of this court was not raised in the briefs, nor in oral argument. Nevertheless, the question of jurisdiction cannot be ignored. There is not involved in the case the construction of any provision of the Constitution, nor is there involved "the title to any office under this State," nor is a "state officer" a party.

Annie Ingram as county superintendent is a party, but her title to the office is in no way involved. The office is one "under this State," and if her title to the office were involved in the case, appellate jurisdiction would be vested in this court. [State ex rel. v. Meek, 129 Mo. 431; State ex rel. v. Rombauer, 101 Mo. 499, 104 Mo. 619, 105 Mo. 103; State ex rel. v. Bus, 135 Mo. 325; State ex inf. v. Fasse, 189 Mo. 532; Ramsey v. Huck, 267 Mo. 333; State ex inf. v. Parrish, 307 Mo. 455.] She is not a "state officer" as those words are used in Section 12 of Article VI of the Constitution. Those words refer only to officers whose official duties and functions are coextensive with the boundaries of the State. [State ex rel. v. Dillon, 90 Mo. 229; State ex rel. v. Spencer, 91 Mo. 206; State ex rel. v. Bus, 135 Mo. 325; State ex rel. v. Higgins, 144 Mo. 410; Dahnke-Walker Milling Co. v. Blake, 242 Mo. 23; Hasting v. Jasper County, 314 Mo. l. c. 150.]

The question of our appellate jurisdiction in all cases in which there is involved "the title to any office under this State" is fully discussed in the opinion by GRAVES, J., in State ex rel. v. Hyde, 317 Mo. 714, and the cases are fully reviewed therein.

It has been uniformly held by this court that a school district is not a "political subdivision" in the sense in which that term is used in the Constitution. [Sec. 12, Art. VI.] The question is discussed in School District v. Boyle, 182 Mo. 347, and in School District v. Burris, 84 Mo. App. l. c. 662. Those cases and others are referred to in the

opinion in Wilson v. King's Lake Drainage & Levee District, 237 Mo. 46. These cases are also referred to in Harrison & Mercer County Drainage District v. Trail Creek Township, 317 Mo. 933, a case recently decided in this Division. All the cases hold that a school district, in a judicial sense, is not a political subdivision of the State. That being true, and there being in this case no other ground of appellate jurisdiction in this court, we are bound to hold that this court is without jurisdiction of the cause on appeal. Jurisdiction over the subject-matter cannot be conferred by consent or acquiescence; and there exists the duty to pass upon the question, whether raised or not. [State ex rel. v. Sims, 309 Mo. 18.] The cause is transferred to the St. Louis Court of Appeals. *Seddon* and *Ellison, CC.*, concur.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. All of the judges concur.