Frank Dietrich, Appellant, v. N. W. Brickey, Presiding Judge, and J. A. Townsend and Ephriam Blackwell, District Judges, of County Court of Jefferson County, and County Court of Jefferson County.—37 S. W. (2d) 428.

Division Two, March 25, 1931.

R. E. Kleinschmidt for appellant.

Charles J. White for respondents.

DAVIS, C.—On January 4, 1924, the County Treasurer of Jefferson County brought suit in equity against defendants, the presiding and district judges of the County Court of Jefferson County, to set aside an order and judgment of said county court rendered on December 18, 1923, to the effect that from December 18, 1923, the compensation of the county treasurer as such was fixed at the rate of one thousand dollars per annum (in lieu of fifteen hundred dollars per annum as theretofore fixed by said county court), and to enjoin defendants from enforcing said order. The court rendered judgment in favor of defendants, and plaintiff appealed.

The evidence adduced established that plaintiff, in November, 1920, was elected treasurer of Jefferson County for a term of four years, beginning January 1, 1921, and ending December 31, 1924. In 1916 the County Court of Jefferson County entered an order fixing the salary of the county treasurer at the sum of fifteen hundred dollars a year. This order remained in force until December 18, 1923, and seemingly from January 1, 1921, until December 18, 1923, plaintiff was paid salary for services as county treasurer at the rate of fifteen hundred dollars a year. This cause has heretofore been before the St. Louis Court of Appeals and this court on certiorari. [Dietrich v. Brickey, 277 S. W. 615, 293 S. W. 65; State ex rel. v. Daues, 287 S. W. 430.]

I.  We are convinced that we are without appellate jurisdiction in this cause, under Article VI, Section 12, of the Missouri Constitution, and, consequently, we have neither the right nor the power to determine the merits of the controversy.

Certainly the amount in dispute is insufficient to invest us with jurisdiction, for that must exceed seventy-five hundred dollars, and it is evident that the amount in dispute here involved does not exceed six hundred dollars.  It is clear that the amount in dispute, in any event, fails to bring the cause within our jurisdiction. [Green v. Owen, 31 S. W. (2d) 1037.]

Again, certainly the title to any office under this State is not involved.  No one, within the meaning of the provision, attempts to contest plaintiff's right to the office of county treasurer or to deny him the right to hold the office.  The only question involved was the right and power of the county court to reduce and fix the salary of the office at the rate of one thousand dollars a year.

II.  The only provision of the Constitution that would appear to invest us with jurisdiction (Art. VI, sec. 12) reads: "In cases where . . . any state officer is a party." However, we have construed the words "state officer" as meaning such officers whose official duties are coextensive with the boundaries of the State, excluding those officers whose functions are confined to counties and townships.  [State ex rel. v. Ingram, 317 Mo. 1141, 298 S. W. 37; State ex rel. v. Dillon, 90 Mo. 229, 2 S. W. 417; State ex rel. v. Spencer, 91 Mo. 206, 3 S. W. 410; State ex rel. v. Bus, 135 Mo. 325, 36 S. W. 636; State ex rel. v. Higgins, 144 Mo. 410, 46 S. W. 423; Dahne-Walker Milling Co. v. Blake, 242 Mo. 23, 145 S. W. 438; Nickelson v. City of Hardin, 282 Mo. 198, 221 S. W. 358; State ex rel. v. Hoffman, 313 Mo. 667, 288 S. W. 16; State ex rel. v. Offutt, 9 S. W. (2d) 595.]  By analogy and precedent it is evident that a county treasurer is not a state officer within the meaning of Section 12, Article VI, of the Constitution, so as to invest this court with jurisdiction by virtue thereof.

III.  It may be that plaintiff intended to invoke the jurisdiction of this court on the ground that Section 9536, Revised Statutes 1919, is unconstitutional.  Relative to the contention, his petition avers nothing further than "that the action of said court respecting said order was not the exercise of the discretion lawfully pertaining to its judicial function or the authority granted by Section 9536, R. S. 1919, but was the corrupt, fraudulent, malicious, arbitrary and illegal action of said defendants as justices thereof, sitting as a court and using its

forms to oppress and unjustly and illegally deprive plaintiff of a just and reasonable compensation for his services as treasurer of said county." In his motion for a new trial, plaintiff attempts to attack the constitutionality of the statute in this manner.

"7. That the decree of the court in holding that defendants had a legal right under the provisions of Section 9536, R. S. 1919, to reduce plaintiff's salary in the manner shown by the evidence, was, in effect, to declare said section unconstitutional, being in violation of Section 12, Art. 9, Constitution of Missouri.

"8. That Section 9536, R. S. 1919, as construed by the court, would be unconstitutional and void and in violation of Section 12, Art. 9, of the Constitution of Missouri.

"9. That Section 9536, R. S. 1919, as construed by the court in applying the evidence in this case, would be unconstitutional in that the salaries of county treasurers would not be uniform throughout the State, and also in the improper delegation of legislative power fixing salaries to the County Courts.

"10. That the court in holding that the County Court possessed uncontrolled discretion in fixing the salary of a County Treasurer, in legal effect held Section 9536, R. S. 1919, unconstitutional, as not meeting the requirement that it be uniform in its 'operation.' "

In his brief, relative to the subject, plaintiff has this to say:

"We are not saying that Section 9536, R. S. 1919, is unconstitutional. The courts always favor the constitutionality of laws, and this law has been on the books so long that its unconstitutionality would doubtless have been discovered long before this, were it unconstitutional. What we are saying is this: That under recent decisions of this court it would be unconstitutional if respondents' contention in this case be correct, that is, that the county court has unlimited and unqualified power to fix the salaries of county treasurers. [State ex rel. v. Bailey, 272 S. W. 921, and State ex rel. v. City of St. Louis, 2 S. W. (2d) 713, l. c. 725.] "

A reading of plaintiff's attack upon Section 9536, Revised Statutes 1919, advises that it is not, either in substance or form, an attack upon the constitutionality of said section. The contention is not that in any event the section is unconstitutional, but that if it is construed and interpreted in a certain manner, such construction would render it unconstitutional. The only kind of an attack that is sufficient to invest this court with jurisdiction on appeal is that the statute is inherently and wholly unconstitutional from every view. Plaintiff did not raise a constitutional question so as to confer appellate jurisdiction on this court. [Nickell v. Railroad, 32 S. W. (2d) 79.]

IV. It may be argued that an action or suit against the judges of the county court is in reality an action or suit against the county, on the hypothesis that the county is the real party in interest within the meaning of Section 12, Article VI, of the Constitution, which invests this court with appellate jurisdiction where a county or other political subdivision of the State is a party. In State ex rel. Tadlock v. Mooneyham, 296 Mo. 421, 247 S. W. 163, it was said by the writer of the opinion, WHITE, J., that "The word 'party,' as used in that clause of the Constitution, evidently means a party to the record." In State to use of Nee v. Gorsuch, 303 Mo. 295, 260 S. W. 455, it was held that this court was without appellate jurisdiction from the judgment of the circuit court in a mandamus proceeding, brought by the assistant prosecuting attorney to compel the judges of the county court to issue to him a warrant in payment of back salary, where the amount in dispute is less than $7500, and the county is not made a party. By analogy and logical reasoning, the Nee v. Gorsuch case is in point. It follows that, as Jefferson County was not a party to the record, even though it was the real party in interest, this court is without appellate jurisdiction. The following cases support our conclusions: Shelley v. Commission for Blind, 309 Mo. 612, 274 S. W. 688; Village of Grandview v. McElroy, 318 Mo. 135, 298 S. W. 760; State ex rel. v. Cornish, 19 S. W. (2d) 294; City of St. Louis v. Dietering, 19 S. W. (2d) 882; State ex rel. v. McClanahan, 273 S. W. 1059.

The cause is transferred to the St. Louis Court of Appeals. *Cooley, C.,* concurs; *Westhues, C.,* not sitting.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.