In the Matter of Clyde Anthony THOMAS, Robyn Thomas, and Robert Thomas, Minors.

William Dickie TAYLOR and Della Taylor, (Petitioners) Respondents,

v.

Clyde THOMAS, (Respondent) Appellant.

No. 51693.

Supreme Court of Missouri, Division No. 2.

June 13, 1966.

As Modified on Court's Own Motion and Motion to Transfer to Court En Banc Denied July 11, 1966.

No attorney for respondents.

Frank Mashak, St. Louis, for appellant.

HENRY J. WESTHUES, Special Commissioner.

William Dickie Taylor filed a petition in the Circuit Court of the City of St. Louis, Juvenile Division, asking for the adoption of three minor children, Clyde Anthony Thomas, Robyn Thomas, and Robert Thomas. The petitioner's wife, Della, is the mother of the three minors and she filed her consent for the adoption in writing.

Clyde Thomas, respondent below, filed an answer asking that the court refuse the adoption of his child, Clyde Anthony Thomas. He denied that he was the father of Robyn and Robert. A guardian ad litem was appointed for the minors. After a hearing, the court denied adoption but ordered the names of the three minors to be changed from Thomas to Taylor. Clyde Thomas filed a motion asking that the portion of the decree changing the name of his child Clyde Anthony Thomas be deleted or, in the alternative, to grant him a new trial. He also asked that the order assessing a portion of the costs against him be set aside. These requests were denied and Clyde Thomas appealed to this Court.

The question of appellate jurisdiction immediately comes to mind. Clyde Thomas claims that this Court has jurisdiction because a constitutional question is involved. Note what is stated in his brief: "This case is within the exclusive appellate jurisdiction of the Supreme Court because the construction of the United States and Missouri Constitutions is directly involved

because the trial court took away appellant's name from his child—a natural right —without legal authority, raising a constitutional question never before adjudicated by this Court and a matter of public interest and importance in future litigation, and because of the denial of fundamental rights guaranteed to him by the U. S. Constitution, Amendment Fourteen, Section One. (Constitution of Missouri, 1945, Article V, Section 3, 2 V.A.M.S.)"

The facts, as shown by the record, are as follows: Clyde Thomas and petitioner's wife, Della Taylor, had been married but were divorced in February, 1962. While they lived together, the three minor children involved in this case were born. Clyde Thomas claimed Clyde Anthony Thomas was his child but that Robyn and Robert were not. Della Thomas Taylor admitted that to be so. The divorce decree granted custody of Clyde Anthony Thomas to the mother.

Petitioner William Dickie Taylor and Della Thomas, mother of the three minors, were married on April 15, 1963. At the time of trial, the three minors were in the custody of the petitioner and Della. It was in evidence that William Dickie Taylor, prior to his marriage to Della, had been living with a woman named Velma (Osborne) Taylor. They had four children. These children were in custody of their mother Velma who was receiving aid through the A.D.C. program.

Petitioner William Dickie Taylor testified that he was never married to Velma. There was substantial evidence that he was. It was admitted that no divorce was ever applied for or obtained by Velma or William Dickie Taylor.

The trial court entered a decree denying the adoption of the three children on the ground that the evidence did not definitely show that petitioner Taylor and Della were legally married. By its decree, the trial court did order that the three minors remain in the custody of their mother and that their names be changed from Thomas to Taylor. It was stated in the decree that "the best interest of the three minor children would be served by the change of their names from Thomas to Taylor."

We have examined cases cited by Clyde Thomas to support his claim that this Court has appellate jurisdiction on the ground that his constitutional rights have been violated by the court's decree changing the name of his child. Among the cases cited are: In Re V, 306 S.W.2d 461; Commerce Trust Company v. Weed, 318 S.W.2d 289; Woodling v. Westport Hotel Operating Co., 331 Mo. 812, 55 S.W. 2d 477; State ex rel. Toliver v. Board of Education, Mo., 230 S.W.2d 724, 1. c. 730 (8); Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161. The cases do not support the appellant's contention. In certain circumstances, a child's name may be changed by a court over the objection of a parent. See 65 C.J.S. Names § 11, pp. 19–23 and cases cited under Note 55 on p. 22; Kay v. Kay, Ohio Com.Pl., 112 N.E.2d 562, 1. c. 567 (10); Degerberg v. McCormick, Del.Ch., 187 A.2d 436, 1. c. 439, 440(2–4); Lazow v. Lazow, Fla., 147 So.2d 12, 1. c. 14.

There is no constitutional question before us in this case. Whether or not the trial court was justified in ordering the name of Clyde Anthony Thomas to be changed to that of Taylor requires an examination of the record and a decision on the merits. We are not authorized to do so because we lack jurisdiction.

The cause should be and is hereby transferred to the St. Louis Court of Appeals. It is so ordered.

PER CURIAM:

The foregoing opinion of WESTHUES, Special Commissioner, is hereby adopted as the opinion of the Court.

All of the Judges concur.